Benjamin Brenner, J.
Petitioners seek an order, in the nature of a writ of mandamus, to compel respondent Board of Education to permit an inspection of petitioner Ethel B. Johnson’s records while attending school. The petition alleges that the latter is suffering from a severe brain damage caused by the negligence and malpractice of certain tort-feasors not connected with the respondent or the City of New York and that respondent has refused to permit such inspection. The action has been granted a preference and is scheduled for trial on October 16, 1961. Respondent objects on the ground that the petitioners should be relegated to their right of subpoena upon *811 trial; that there is no provision for a discovery and inspection of one not a party to the action and, further, that the records are confidential.
None of the objections raised by respondent are valid. This is not an application for a discovery and inspection brought under section 324 of the Civil Practice Act, which section has no application here. While petitioners may subpoena the records on the trial, such fact does not require a denial of the instant motion. As to the objection that the records are confidential, it has been held that ‘1 The parent, as a matter of law, is entitled to such information” under proper safeguards. (Matter of Appeal of Arthur T. Thibadeau, Jr., No. 6849, decided by Ewald B. Nyquist, Acting Commissioner of Education, September 22, 1960.) See, also, Matter of Van Allen v. McCleary (27 Misc 2d 81) where Mr. Justice Brennan, in a learned and well-considered opinion, granted a similar application.
The application is granted on condition that the examination and inspection take place at the office of the Board of Education under such supervision as shall be provided for in the order to be entered herein.