Bernard Tomson, J.
The indictment charges the defendant with rape. He seeks to subpoena the school records of the victim who has not as yet been called to testify.
In the present posture of this case, the application must be denied. See Matter of Thibadeau (1 Ed. Dept. Rep. 607, 608), where Acting Commissioner Nyquist held “progress reports, subject grades, intelligence quotients, tests, achievement scores, medical records, psychological and psychiatric reports, selective guidance notes and the evaluations of students by educators ’ ’ to be privileged and that their disclosure may be made only to the parent or child; see, also, Matter of Wilson (11 Ed. Dept. Rep. 208); Matter of Van Allen v. McCleary (27 Misc 2d 81); Matter of Johnson v. Board of Educ. of City of N. Y. (31 Misc 2d 810); CPLR 4504, 4507, 4508; cf. People v. Graydon (70 Misc 2d 336).
If at the trial a situation comparable to that presented in Davis v. Alaska (415 U. S. 308) is presented, the application for *856 a subpoena will be reviewed. In Davis, the United States Supreme iC'ourt, in weighing the State’s policy of protecting the confidentiality of a juvenile offender’s record against the defendant’s constitutional right of confrontation, held that the State’s interest must yield and that the defendant would be permitted to use these records on cross-examination to show bias.