THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JACK FEUERSTEIN and BELLE FEUERSTEIN, Defendants.

County Court, Queens County, December 14, 1936.

*Charles P. Sullivan, District Attorney [Harry I. Huber, Assistant District Attorney]*, for the plaintiff.

*Dominick A. Mascia,* for the defendants.

COLDEN, J. · These defendants were indicted by the grand jury of the county of Queens for the crime of perjury in the first degree, the charge alleged against the defendants being " That the defendant Jack Feuerstein testified that during the months of October and November, 1933, he was on Home Relief, that the city paid his rent, that his wife turned Home Relief Vouchers over to Morris

Weinstein and that Morris Weinstein accepted said vouchers in payment of the rent for the said months of October and November, 1933, whereas in truth and in fact the said defendant Jack Feuerstein was not on Home Relief during the said months, that the city did not pay his said rent, his wife did not turn vouchers therefor over to Morris Weinstein, nor did the said Morris Weinstein receive or accept any such vouchers."

The alleged perjurious testimony was claimed to have been given at a trial of a civil action held before the Municipal Court of the City of New York, in the Borough of Queens, Third District, on or about the 22d day of June, 1936.

The basis for the present motion is the belief of the defendants that the findings of the grand jury could not have been made unless they (the grand jury) examined the record of the Home Relief Bureau. The defendants then argue in their motion papers that section 155 of the Public Welfare Law provides that all communications and information relating to a person receiving relief or service are considered confidential and may be disclosed only to certain named bodies and agencies.

Section 155 of the Public Welfare Law provides, among other things, that " All communications and information relating to a person receiving relief or service from a public welfare district obtained by any public welfare official or employee in the course of his work shall be considered confidential and shall be disclosed only to the State Board of Social Welfare or its authorized representative, a legislative body, or, *by authority of the Commissioner, to a person or agency considered by the Commissioner entitled to such information.*"

Assuming for the purposes of this decision that the Home Relief Bureau is an agency which comes within the provisions of this statute, in my opinion the application of these defendants must fail for two reasons: *First,* the defendants on this application do not contend that they did not testify in the Municipal Court action to the effect that they were receiving home relief vouchers and checks. Apparently, so far as this motion is concerned, they did testify that they were receiving home relief and inasmuch as they themselves have disclosed their relationship with the Home Relief Bureau there is no reason to permit these defendants to testify in court that they are or were the recipients of home relief and at the same time seal the lips of those who may successfully contradict them. Any such rule would certainly, in many cases, not only create unwarranted hardship but would be an incentive to perjury. Under proper circumstances where a patient releases the physician or the nurse, the penitent releases his confessor, the

client his attorney, the rule respecting those confidential communications is waived. Certain it is that where one takes advantage of the benefits of a governmental agency, and then publicly discloses his relationship with the governmental agency, and a question then arises as to whether or not he has testified truthfully with reference to his relations with the governmental agency, the rule of confidential relationship must be deemed waived. *Second,* assuming for the purpose of this opinion that an official of a Home Relief Bureau did testify before the grand jury, express authority is found in section 155 of the Public Welfare Law wherein it is provided that such disclosures may be made by the authority of the Commissioner to a person or agency considered by the Commissioner entitled to such information. It thus follows that the provisions of this statute with reference to the confidential nature of the relationship between the governmental agency and the beneficiary is not absolute but is subject to the discretion of the Commissioner, and in a case such as this where the defendants are charged with the crime of perjury in our courts it must be assumed that any such official testifying does so under the authority conferred upon the Commissioner.

The motion is in all respects denied.