John D. Bennett, S.
In this probate proceeding the contestants move pursuant to CPLR 3101 (subd. [a], par. [4]) for an order to examine on oral questions nonparties and to direct them to produce certain books and records relating to the decedent. The nonparties are the Nassau County Police Department and the Nassau County Social Services Department.
The relief sought is based on an affidavit prepared by the contestants’ attorney, wherein he states that the Nassau County Police Department and the Nassau County Social Services Department are in possession of information which will aid him in the preparation for trial.
The Nassau County Police Department states that there is only one police blotter relating to the decedent and that it has attached a copy of same to its reply. It states that there are no other police blotters.
The movants also request the examination of a Lieutenant Hildbrant. The Police Department, in its reply, indicates that there is an Inspector Hildbrant but that it does not know specifically what information he would have.
The proponent argues that the contestants have failed to show special circumstances for the examinations. Both the proponent and the Nassau County Social Services Department object to the production of records held by the Social Services Department and to the examination of any of its employees because they contend that such records are confidential and are not discoverable (Social Services Law, § 136, subd. 2).
Examinations before trial of witnesses pursuant to CPLR 3101 (subd. [a], par. [4]) are permitted when it is shown that the witnesses are either hostile or have special or exclusive knowledge of the facts in issue (Southbridge Finishing Co. v. Golding, 2 A D 2d 430; Posner v. Morgenstern, 19 A D 2d 811).
As far as the Police Department is concerned, it has already given the contestants all of the information which it has as recorded in its police blotters.
The contestants have not shown the necessity for the examination of Inspector Hildbrant. In fact, the affidavit of the attorney fails to relate any information that the Inspector may have. Accordingly, other than the production of the police blotter, the motion is denied.
As for subdivision 2 of section 136 of the Social Services Law, there have been instances where the protection therein has been relaxed, ignored, questioned, or not even raised (Kelly v. Wasser *443 man, 5 N Y 2d 425; People v. Feuerstein, 161 Misc. 426; Matter of Minicozzi, 51 Misc 2d 595). Obviously the intent of the statute was to save recipients from any embarrassment. Now that the recipient has died, the court feels that the examination of the records should be treated in the same manner as hospital records and where special circumstances are shown, they should be discoverable.
From the attorney’s affidavit, it would appear that he does have other independent evidence relating to this contested probate proceeding wherein it is alleged that the decedent lacked testamentary capacity and was subjected to fraud and undue influence. Therefore, the movants cannot claim that the parties to be examined have exclusive knowledge concerning the facts in issue, nor does the affidavit of the attorney adequately sustain the burden which rests upon the contestants in seeking the examination under special circumstances (McDonald v. Gore Mt. Ski Lift Corp., 30 A D 2d 931). Accordingly the motion to examine employees of the Nassau County Social Services Department is denied without prejudice to the contestants’ renewing their motion if at a later date they can show special circumstances.
However, the court will direct the Nassau County Social Services Department to deliver to the court pursuant to a subpoena the records of the decedent. Said records may be reviewed by all parties concerned for the preparation of the trial of the issues herein and for possible use during the trial.