Ruth BANNER, individually and on behalf of her children, William, Denise, Guy, Michele, Priscilla and Paul; and Irene Sheppard, on behalf of Anthony, Glen and Valerie; and on behalf of all others similarly situated, etc.

v.

Eugene SMOLENSKI, Admr. N. B. Regional Office, Dept. of Welfare, Robert F. Ott, Commr. of Welfare, Ruth M. Rusher, Director, etc., Lilly Kelosis, Social Worker, etc., and Edmund H. Kelleher, Supervisor of Appeals, Dept. of Welfare.

Civ. A. No. 69–1053–G.

United States District Court,
D. Massachusetts.

Aug. 7, 1970.

Richard A. Seid, Doug Hyde, Dorchester, Mass., Paula Gold, Boston, Mass., for plaintiff.

James J. Marcellino, Asst. Atty. General, Dept. of HEW, Boston, Mass., for defendant.

## MEMORANDUM AND ORDERS ON PENDING MOTIONS

GARRITY, District Judge.

This is an action brought under 42 U.S.C. § 1983 and its jurisdictional counterpart 28 U.S.C. § 1343(3). Plaintiffs seek both declaratory and injunctive relief against defendants, the Commissioner of the Department of Public Welfare for Massachusetts, and various other officials within that Department. A number of motions are presently before the court, including: (1) two separate motions to add a total of nine intervenors or additional parties plaintiff, (2) plaintiffs' motion seeking an order pursuant to Rule 23(c) (1), Fed.R.Civ.P., determining that the action may be maintained as a class action, (3) plaintiffs' motion for a preliminary injunction, (4) plaintiffs' motion for partial summary judgment, and (5) defendants' motion to dismiss or for summary judgment.

■ Plaintiffs and proposed plaintiffs are recipients of Aid to Families with Dependent Children (AFDC).[1] This program, as described in King v. Smith, 1968, 392 U.S. 309, 316–317, 88 S.Ct. 2128, 20 L.Ed.2d 1118, is based on a scheme of cooperative federalism and is financed largely by the federal government. In order to take advantage of the federal funds made available under the program, participating states are required to submit a plan for the approval of the Secretary of Health, Education and Welfare (HEW). 42 U.S.C. §§ 601–604. The plan must conform with several requirements of the Social Security Act and with the rules and regulations that are promulgated by HEW. 42 U.S.C. § 602. Federal funds are not made available unless the plan is approved. 42 U.S.C. § 601. In addition, even after a state plan has been approved, federal funds may be totally or partially cut off if, after affording the state notice and an opportunity for a hearing, HEW finds that in the administration of its plan the state agency fails to comply substantially with any of the requirements of § 602(a).[2] 42 U.S.C. § 604(a) (2). One of these statutory requirements is that provision be made for "granting an opportunity for a fair hearing before the state agency to any individual whose claim for aid to families with dependent children is denied or is not acted upon with reasonable promptness." 42 U.S.C. § 602(a) (4). This fair hearing requirement is elaborated upon in HEW regulations, Handbook of Public Assistance Administration, pt. IV §§ 6000–6999.[3]

The Commonwealth of Massachusetts participates in the AFDC program and receives federal funds thereunder. It administers the program through its Department of Public Welfare under Mass.G.L. cc. 18 and 118. Fair hearings, as required by the federal statute, are provided under Mass.G.L. c. 18, § 16 as amended by St.1969, c. 885, § 11, and are elaborated upon by regulation in the Massachusetts Public Assistance Policy Manual, Chapter VI, § C, pp. 1–4.

---

1. Actually two of the proposed plaintiffs are recipients of general relief rather than AFDC relief. This is not a federal category of assistance and there are no federal statutes regulating it. Claims with respect to this category are therefore limited to those based on state law and the Constitution of the United States. To avoid needless repetition we will speak of plaintiffs as if all received AFDC relief.

2. It seems to have been settled that this mechanism for requiring conformity with federal regulations in no way precludes adjudication by federal courts of claims by welfare recipients that the state practice is in violation of federal or constitutional requirements. Rosado v. Wyman, 1970, 397 U.S. 397, 406 n. 8, 90 S.Ct. 1207, 25 L.Ed.2d 442.

3. As used in the state and federal regulations and in this opinion, the term "fair hearing" is simply the nonmenclature for the hearing provided under federal and state law. The adjective "fair" is part of the term rather than a final conclusion as to the nature of that hearing.

They are also subject to the provisions of the State Administrative Procedure Act, Mass.G.L. c. 30A.

All the plaintiffs and proposed plaintiffs have been declared eligible for and are in fact presently receiving AFDC payments. Each has requested additional assistance either in the form of an increase in the basic grant or in the form of a special additional grant to meet a particular need.[4] For example, proposed plaintiff Chase requested an increase in her basic grant to cover the increase in the rent that she had to pay to the Boston Housing Authority. Plaintiff Banner made several requests for special grants. One of those was for a pair of shoes for her son who, as the result of inadequate footwear, was developing warts on his feet. None of the requests, it seems, is beyond the scope of assistance a recipient may be entitled to under the laws and regulations of the Massachusetts Department of Public Welfare.

In each of the cases the requests were either denied or not acted upon, and fair hearings were sought pursuant to G.L. c. 18, § 16. It is contended in this court that the fair hearing procedure as it was actually administered to each of these plaintiffs and as it is administered generally throughout the Commonwealth is inconsistent with rights granted under both Massachusetts law and federal law and guaranteed under the due process clause of the Fourteenth Amendment.

The original complaint listed 11 numbered "rights" in connection with fair hearings that were allegedly being consistently denied to welfare recipients. After discussions among counsel and in light of the recent decision in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), the "rights" at issue have been reduced to six in number:

(1) Adequate notice of the specific issues to be raised at the hearing.

(2) Hearing and final administrative determination within sixty days from the date of request for a fair hearing.

(3) Examination, prior to the hearing, of evidence to be used at the hearing or to be furnished hearing officers.

(4) Access by the recipient, subsequent to the referee's decision, to the official record of the hearing at no cost within ten days after request.

(5) Inspection of the entire case record at least seven days prior to the fair hearing.

(6) Preparation by the Department of Welfare of a verbatim record of the fair hearing.

Defendants admit the existence of the first four of these rights [5] and also that at least in the cases of some of the plaintiffs that these rights have not been afforded. Plaintiffs, however, since they seek to represent a class, are not satisfied with this simple recognition and admission. The official awareness that these rights exist allegedly has not precluded, nor will not necessarily preclude, their consistent denial in actual practice. For example, although the defendants recognize a welfare applicant's right to a fair hearing and a final ad-

---

4. It is unclear whether proposed plaintiff D'Angelo requested an increase in her grant, which her affidavit seems to suggest, or complained of a reduction, which the proposed amended complaint indicates. If the latter is the case, then her situation is different from all the others because of special regulations covering situations where aid is terminated or reduced. See G.L. c. 18, § 16, as amended by St. 1969, c. 885, § 11, 2nd paragraph; Massachusetts Public Assistance Policy Manual, Chapter II, Section A, page 13, paragraph e.

5. With respect to number 4, there is some disagreement not as to the existence of the right to see the official record of the hearing but as to the time within which it must be made available. However, the parties appear to be in agreement that the official record should be made available within a reasonable time of the request.

ministrative determination within sixty days of a request for the fair hearing, Handbook of Public Assistance Administration, Part IV, 6200(3) and Massachusetts Public Assistance Policy Manual, Chapter VI § C, page 3, point 3(a), it has been stipulated that in many instances this right is not in fact afforded. For this reason the named plaintiffs seek certification of a class of all those receiving AFDC assistance who have in fact or may in the future avail themselves of the right to a fair hearing and who will be subjected to the practices and procedures actually followed by the Massachusetts Department of Public Welfare in conducting fair hearings. By coupling certification of such a class with a declaration by this court of those rights and a permanent injunction restraining defendants from denying them to members of the class, plaintiffs hope for speedy enforcement of proper fair hearing procedures through actions for contempt rather than through a continued series of separate suits.

The first question then is whether a class action is appropriate. The court believes that it is. If this case were limited to contested claims 5 and 6 regarding case records and verbatim transcripts, where the very existence of the rights are in dispute, then the proposed class, those who are or will be availing themselves of the right to a fair hearing, could readily be certified under Rule 23(b) (2),[6] Fed.R.Civ.P. Since the very rights are in dispute, the basis for their denial by the defendants will be applicable to the entire class and the class therefore has a common interest in the disposition of the disputed questions of law. Other considerations, however, apply to rights whose existence is not at issue, e. g., final administrative determinations within sixty days after

the request for a hearing. The common interest of each member of the proposed class to secure recognized rights is not enough to justify certification of a class including members who have yet to be deprived of any rights at all. If the threat to them is merely the possible denial of rights in some future instances resulting from lapses inevitable in the administration of a complex welfare system, then there is no factual basis presenting a common controversy that would justify certification of the class. Plaintiffs, however, have alleged that there has been a consistent denial of these recognized rights such that there is an ineffective and illegal de facto administration of the fair hearing procedure in Massachusetts. Future applicants for fair hearings have an interest in preventing the continuation of this alleged condition. When the action is viewed in this manner, then even in areas where there is no dispute as to the existence of rights, the proposed class is appropriate. Plaintiffs' motion for a determination that the action may be maintained as a class action is granted.

Having certified a class including members who have not yet availed themselves of the fair hearing procedure, and focusing still on those rights whose existence is not disputed, a preliminary injunction restraining defendants from denying such rights will not be issued automatically on the basis that defendants do not question their obligation to provide for them. The court deems as of crucial importance to any manner of prospective relief considerations of whether these rights are in fact being consistently denied and if so whether the basis for this denial, whatever that may be, is such that it is likely to continue in the future unless injunctive relief is granted.

6. "An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

  *     *     *     *     *

  (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

■ Defendants have stipulated that the requirement for a final determination within sixty days is in many instances not met by the Welfare Department. Plaintiffs have suggested, during conferences with the court and in their briefs, that the Department is not adequately funded to provide the administrative mechanisms necessary to fulfill the state's obligations to welfare recipients under federal law. If this were true and it in fact resulted in a system which does not comply with federal requirements, HEW could be justified in cutting off federal funds pursuant to 42 U.S.C. § 604(a) (2). This could not be done, however, without first giving the state welfare agency notice and an opportunity for a hearing. 42 U.S.C. § 604(a) (2). As already noted, this administrative sanction does not necessarily preclude some form of judicial relief to complaining welfare recipients. See Rosado v. Wyman, *supra,* 397 U.S. at 406 n. 8, 90 S.Ct. 1207, 25 L.Ed.2d 442. Although a federal court has the duty to adjudicate this type of claim, it should be cautious in issuing prospective orders in the sensitive area of welfare administration. There is little in the record, other than allegation and oral argument, to show that in fact the Massachusetts Department of Public Welfare cannot, or will not, afford those seeking fair hearings the procedural rights that are recognized to be due them. Further evidence of both the need for and the consequences of prospective relief must be presented before the court will consider it appropriate to fashion an injunctive remedy. The preliminary injunction is therefore denied at least with respect to rights that are not in dispute.

■ The remaining questions concern alleged rights that are in fact disputed. Plaintiffs claim and defendants deny that a welfare recipient is entitled to access to his complete case record [7] in preparation for a fair hearing and that the record of the fair hearing must

include a verbatim transcript of the proceedings. Plaintiffs' contentions are based upon federal and state statutes and regulations and upon federal constitutional law. We shall consider them in that order. The constitutional issues urged by plaintiffs may be reached only after consideration of pendent state and federal statutory law, so as to avoid constitutional confrontation where unnecessary. See King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Rosado v. Wyman, *supra,* 397 U.S. at 402, 90 S.Ct. 1207.

Under the federal regulations, HEW Handbook of Public Assistance Administration, pt. IV, § 6200(i), fair hearing procedures adopted by the states must provide the welfare claimant with the opportunity

"(1) to examine all documents and records used at the hearing;

(2) at his option, to present his case himself or with the aid of others, including legal counsel;

(3) to bring witnesses;

(4) to establish all pertinent facts and circumstances;

(5) to advance any arguments without undue interference, and

(6) to question or refute any testimony or evidence."

Under § 6300(n) the welfare claimant has the right to examine material that will be introduced as evidence both prior to the hearing as well as during the hearing itself.

■ Plaintiffs contend that in order for these rights to be fully guaranteed, a welfare recipient must be given access to his *entire* case record in preparing for his fair hearing—in other words, that these provisions necessarily encompass the right to see the full case record. It is undisputed that a recipient is guaranteed an opportunity to see any portion that will actually be used at the fair hearing or which is based on the par-

---

7. The Massachusetts Public Assistance Policy Manual defines the case record as "a permanent collection in written form of the board of public welfare's total contact with a person or family applying for public assistance."

ticular issues involved. See Massachusetts Public Assistance Policy Manual, Ch. VI, Section C, 1b. There is nothing in the federal statutes or regulations to indicate that anything more than this is required. Although it is certainly not inconceivable that an examination of the entire case record might in some instances prove helpful to the recipient's position, it should be remembered that the case record is not intended to be a public document. The interest in its confidentiality extends beyond the welfare recipient alone. As provided by HEW regulations:

"The agency may wish to recognize in its regulations the fact that certain information obtained from outside sources or contained in agency evaluations cannot properly be made available to the applicant himself. For this reason, the case record is ordinarily not made available for the examination of the applicant. Particular extracts therefrom may be furnished as feasible." HEW, Handbook of Public Assistance Administration, Part IV § 7460.

Plaintiffs' arguments on the basis of state law are to the same effect, that is, that the right to see the entire case record is encompassed by specific provisions guaranteeing adequate preparation for the fair hearing. The provisions relating to fair hearings under the laws of the Commonwealth generally follow the demands of federal law. In fact there is nothing to indicate the creation of any rights to the case record more expansive than these discussed above in the HEW regulations. As with federal law it is only necessary that the recipient see that part of any written material that will be germane to the hearing itself. Massachusetts Public Assistance Policy Manual, Ch. VI, Section C, 1b.

The court concludes, therefore, that access to entire case records in preparation for fair hearings is not a statutory requirement under either federal or state law. If there is such a right its basis can only be the due process clause of the Fourteenth Amendment.

In Goldberg v. Kelly, 1970, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, and Wheeler v. Montgomery, 1970, 397 U.S. 280, 90 S.Ct. 1026, 25 L.Ed.2d 307, the Supreme Court held that a state may not terminate public assistance to an individual without first affording him the opportunity for an evidentiary hearing at which he would be given timely and adequate notice detailing the reasons for the proposed termination and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments orally.

■ However, the application of the due process clause and the specific procedures found to be due were limited to the context of terminations or suspensions of welfare benefits entirely as distinguished from their reduction or the denial of additional benefits. See Wheeler v. Montgomery, *supra* at 284–285, 90 S.Ct. 1026 (Burger, C.J. dissenting). The Supreme Court recently vacated judgment in a case decided by a lower court prior to *Goldberg* and *Wheeler* in which it had been held that the due process clause of the Fourteenth Amendment requires a state to provide a recipient of public welfare benefits with notice and a hearing prior to "termination, suspension or reduction" of benefits. The Supreme Court noted that its decisions in *Goldberg* and *Wheeler* dealt only with termination and suspension, not reduction of benefits and remanded the case stating: "We think that the bearing of those decisions on the treatment of benefit reduction should be determined in the first instance by the District Court on a record developed by the parties with specific attention to that issue." Daniel v. Goliday, 1970, 398 U.S. 73, 90 S.Ct. 1722, 26 L.Ed.2d 57.

The present controversy concerns not the termination, suspension or even reduction of previously determined welfare entitlements but with the denial of requests for additional assistance. We do not conclude, however, that this distinction negates the application of the due process clause altogether. We are dealing here with benefits that are mat-

ters of statutory entitlement and of grave importance to the individuals concerned. Denial of additional benefits to which one claims he is entitled, no less than termination of already determined entitlements, involves state action that adjudicates important rights and is therefore subject to the relevant Constitutional restraints. Cf. Goldberg v. Kelly, *supra,* 397 U.S. at 262, 90 S.Ct. 1011.

█ We do conclude that the particular process that is due an individual who has been denied some form of additional assistance does not include access to his entire case record. Under all the attendant circumstances, only the minimal procedural safeguards of rudimentary due process are required. See Goldberg v. Kelly, *supra* at 267, 90 S.Ct. 1011. A recipient's right to notice and confrontation as provided in the statutory procedure adequately fulfills any constitutional requirements. We do not view access to the case record as fundamental, nor say that the potential benefit to the recipient in seeing his case record will outweigh the importance of maintaining the confidentiality of that record. Therefore there is no basis, statutory or constitutional, for this aspect of plaintiffs' claims.

█ We turn now to plaintiffs' claim that the record of the fair hearing must include a verbatim transcript of the proceedings. Defendants have stipulated that in most instances neither a stenographer nor a recording device is present at a fair hearing. In these circumstances it is the policy of the Department of Public Welfare to have a summary made by the referee and it is this summary—amounting at best to the substance of what transpired at the hearing—that constitutes the record of the hearing on appeal. The question presented is whether this type of record meets the requirements of federal, state and constitutional law.

Clearly a verbatim transcript is not required by federal statute. Section 6200(1) of the Handbook of Public Assistance Administration provides, in part, that:

"The verbatim transcript of testimony and exhibits *or* an official report containing the substance of what transpired at the hearing * * * will constitute the exclusive record for decision by the hearing authority." (Emphasis added.)

Thus the federal regulations permit a record amounting only to a summary of the proceedings. A verbatim transcript is merely an alternative requirement.

The federal regulations, however, do not require a judicial review of the administrative decision and therefore the record of the hearing is not designed to function in that context. On the other hand, under the laws of the Commonwealth, the fair hearing is to be conducted as an adjudicatory proceeding subject to the provisions of the State Administrative Procedure Act (Mass. G.L. c. 30A), Mass.G.L. c. 18, § 16. Accordingly, the agency decision is subject to judicial review by petition in the Superior Court. Mass.G.L. c. 30A, § 14(4).

Because judicial review is provided for and because such review is confined to the record of the proceedings before the agency, Mass.G.L. c. 30A, § 14(6), it follows that a full transcript might often be desirable. However, the relevant provisions of the State Administrative Procedure Act leave it unclear as to whether transcripts must be provided when the cost of their preparation will be borne by the agency alone— as would surely be the case when welfare recipients seek review. Section 11 (6) of chapter 30A provides:

"Agencies shall make available an official record, which shall include testimony and exhibits, and which may be in narrative form, but the agency need not arrange to transcribe shorthand notes or sound recordings unless requested by a party. If so requested, the agency may, unless otherwise provided by any law, require the party to pay the reasonable costs of the

transcript before the agency makes the transcript available to the party." [8]

Section 14(4) of chapter 30A provides that if there is a petition for review it is incumbent upon the agency to file in the Superior Court the original or a certified copy of the record of the proceeding under review. The record is to consist of "(a) the entire proceedings, or (b) such portions thereof as the agency and the parties may stipulate, or (c) a statement of the case agreed to by the agency and the parties." Mass.G.L. c. 30A, § 14(4). The expense of preparing this record is initially borne by the agency; but it may be assessed as part of the costs in the case and the court may "assess anyone unreasonably refusing to stipulate to limit the record, for the additional expenses of preparation caused by such refusal." Mass.G.L. c. 30A, § 14(4).[9]

Section 11(6) permits a record of something less than a verbatim report of the agency proceedings and by its terms precludes the necessity of preparing a transcript absent payment of its costs. Where there is no stipulation or agreement limiting the record, it is unclear whether § 14(4) means that the record of the "entire proceedings" must include a transcript even in welfare cases where its cost must be inevitably borne by the agency. We are unaware of any Massachusetts decision construing these sections in light of the particular problems of welfare recipients. We are faced therefore with a statute of dubious meaning.

As already mentioned, state statutory claims should be decided before constitutional questions are confronted. See King v. Smith, *supra;* Rosado v. Wyman, *supra.* A construction of §§ 11(6) and 14(4) may well moot the federal constitutional issue or at least present it in a different posture. Only the courts of Massachusetts, however, can definitively determine the construction to be given these statutes. A federal determination is at best tentative. See Railroad Comm. of Texas v. Pullman, 1941, 312 U.S. 496, 499, 61 S.Ct. 643, 85 L.Ed. 971. Because the state statute here at issue is unclear and because a tentative federal decision may well unnecessarily disrupt the statewide administration of a large part of the welfare system in Massachusetts, we conclude that in the interests of federal-state comity, abstention is authorized. See Railroad Comm. of Texas v. Pullman, *supra;* Burford v. Sun Oil Co., 1943, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424. See also County of Allegheny County v. Frank Mashuda Co., 1959, 360 U.S. 185, at 189, 79 S.Ct. 1060, 3 L.Ed.2d 1163, and cases cited there. The court will therefore stay its proceedings with respect to the plaintiffs' federal constitutional claim until the courts of Massachusetts have decided the perhaps determinative state statutory claim. We will maintain jurisdiction so as to provide a federal forum for whatever federal constitutional issues may remain after the state statute has been interpreted by the courts of Massachusetts. See England v. Louisiana State Board of Medical Examiners, 1964, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440.

---

8. Without deciding the point, this section suggests that, whether or not a transcript shall be made available, some form of shorthand notes or sound recording is to be taken at the hearing.

9. Mass.G.L. c. 30A, § 14(4) provides: "Within forty days after service of a copy of the petition for review upon the agency, or within such further time as the court may allow, the agency shall file in the court the original or a certified copy of the record of the proceeding under review. The record shall consist of (a) the entire proceedings, or (b) such portions thereof as the agency and the parties may stipulate, or (c) a statement of the case agreed to by the agency and the parties. The expense of preparing the record may be assessed as part of the costs in the case, and the court may, regardless of the outcome of the case, assess any one unreasonably refusing to stipulate to limit the record, for the additional expenses of preparation caused by such refusal. The court may require or permit subsequent corrections or additions to the record when deemed desirable."

Accordingly, the court makes the following rulings: Defendants' motion to dismiss is denied. Defendants' motion for summary judgment is granted with respect to the alleged right of access to the entire case record; it is otherwise denied. Plaintiffs' motion for partial summary judgment is granted in part and denied in part. In partial allowance of plaintiffs' motion, the court declares that the defendants must comply with the Social Security Act, 42 U.S.C. § 602(a) (4) and with the provisions of the Handbook of Public Assistance Administration, Part IV, §§ 6000–6400. More specifically, defendants must provide plaintiffs and their class: (1) adequate preliminary notice of the specific issues to be raised at the hearing, Handbook, Part IV, § 6200(g); (2) a hearing and a final administrative determination within sixty days from the date of request for a fair hearing, Handbook, Part IV, §§ 6300(e), 6200(j), 6400(g); (3) the right to examine prior to the hearing evidence to be used at the hearing or to be furnished hearing officers, Handbook, Part IV, §§ 6200(i) (2), 6300 (n), 6300(o), and (4) the making available an official record of the hearing within a reasonable time thereafter, Handbook, Part IV, § 6400(h).[10]

Plaintiffs' motions for a preliminary injunction and for a permanent injunction as part of summary judgment are denied for reasons heretofore stated, but without prejudice. If supported by an adequate showing that the Massachusetts Department of Public Welfare cannot or will not afford the rights herein declared, a renewed motion by plaintiffs will be entertained and appropriate prospective relief will be granted.

Plaintiffs' motion seeking an order pursuant to Rule 23(c) (1), Fed.R.Civ.

P., determining that the action may be maintained as a class action has been granted. There remain two separate motions to add a total of nine intervenors or parties plaintiff. These motions are granted except for proposed intervenors Eloise Wilson and Mary Adie whose complaints relate to a nonfederal category of assistance and for proposed intervenor Dorothy D'Angelo whose complaint seems to relate to a reduction in aid for which there is a fair hearing procedure unlike that discussed above. For these three intervenors the motion is denied.[11]

---

10. The record that need be made available under the federal regulations, Handbook, Part IV, § 6400(h), need only include "the substance of what transpired at the hearing." Handbook, Part IV, § 6200(e). We have abstained from, and therefore have not decided, the question whether a record for review must include a verbatim transcript of the hearing.

11. There are two additional motions outstanding. These have not yet been mentioned. These are motions to sever an issue and to substitute the successor of a public officer as a party defendant. The motions are granted.