QUESTION:
Are all documents contained in the advisory opinion files of the Commission on Ethics public records open to public inspection even if they contain the name of a public officer or employee who has not consented to the use of his or her name in a published advisory opinion?
SUMMARY:
Documents contained in the advisory opinion files of the Commission on Ethics are subject to public inspection and examination even if they contain the name of a public officer or employee who has not consented to the use of his or her name in a published advisory opinion rendered by the commission.
Section 112.322(3)(a), F. S. (1976 Supp.), provides:
 . . . An advisory opinion shall be rendered by the commission, and all of said opinions shall be numbered, dated, and published without naming the person making the request, unless such person consents to the use of his name. (Emphasis supplied.)
In those cases in which public officers and employees choose to remain anonymous, the Ethics Commission publishes its advisory opinion with the names of such persons omitted. However, the commission has received requests for documents contained in the opinion request files which often contain the requesting person's name. The commission is unclear as to whether those documents should be disclosed, since to release them would appear to thwart the language emphasized above.
Section 119.011, F. S., defines public records to include
 . . . all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
Documents and other materials received by the commision in connection with the transaction of its official business under s. 112.323(3), F. S. (1976 Supp.), i.e., the rendering and publication of advisory opinions establishing standards of public duties under part III of Ch. 112, F. S., are clearly public records within the contemplation of s. 119.011. Cf. ss.112.322(2)(c) and (d), F. S. (1976 Supp.), 112.3146, and 112.324, F. S. Section 119.07(1), F. S., requires that every person having custody of public records permit any person to inspect and examine public records at reasonable times, under reasonable conditions, and under supervision by the custodian of the records, unless exempted from the provisions of ss. 119.01 and 119.07(1), F. S., by the terms of s. 119.07(2), F. S.
Nothing in s. 112.322(3)(a), F. S. (1976 Supp.), purports to limit access to the opinion files of the commission or to make the same confidential or to specifically exempt any document or record made or received by the commission in the course of rendering advisory opinions to public officers, candidates for public office, or public employees from the mandatory inspection provisions of s.119.07(1), F. S. It only provides for the publication of anonymous opinions in certain circumstances. Cf. s. 112.322(2)(c) and (d), F. S. (1976 Supp.), with s. 112.324, F. S., and Gannett Co., Inc. v. Goldtrap, 302 So.2d 174 (2 D.C.A. Fla., 1974); Caswell v. Manhattan Fire Marine Insurance Co., 399 F.2d 417 (5th Cir. 1968). The question is then presented as to whether s.112.322(3)(a) constitutes an implied exception to s. 119.07(1), F. S., so as to exempt such documents from the operation of s. 119.01
and s. 119.07(1), F. S. Cf. State v. Pace, 159 So. 679, 681 (Fla. 1935), stating that `where the Legislature has preserved no exception to the provisions of the statute (C.G.L. 490, from which s. 119.01, F. S., is derived), the courts are without legalsanction to raise such exceptions by implication, the policy of state statutes being a matter for the Legislature and not for the judiciary to determine.'
Generally, statutes enacted for the public's benefit, such as those relating to open public meetings or records, are entitled to a liberal construction in favor of the public; in the instant case, to person inspection by any member of the public in accordance with s. 119.07(1), F. S. Cf. AGO 075-48. Being in derogation of the express public policy of the state, see s.119.01, F. S., statutes purporting to create exceptions to the rule favoring `openness' in government should not be given broader interpretation than is necessary to accomplish their specificpurpose. See Stivahtis v. Juras, 511 P.2d 421 (Ore. 1973). Since the specific purpose of s. 112.322(3)(a) appears to be addressed to the publication of anonymous opinions by the commission in those cases where the person requesting the opinion has not consented to the use of his or her name, this purpose should not be expanded by implication to exclude from ss. 119.01 and119.07(1) other documents contained in the files of the commission but not specifically mentioned at s. 112.322(3)(a). Moreover, under the rule expressio unius est exclusio alterius, the statute operates on those things enumerated or expressly mentioned and excludes from its operation all things not expressly mentioned. Thayer v. State of Florida, 335 So.2d 815, 817 (Fla. 1976); Interlachen Lakes Estates, Inc. v. R. Snyder, Jr., 304 So.2d 433,434 (Fla. 1974); Dobbs v. Sea Isle Hotel et al., 56 So.2d 341, 342
(Fla. 1952); and cf. State v. Pace, supra. Section 112.322(3)(a) is addressed only to the publication of advisory opinions and to no other documents or records. Since no other statute has been found which exempts documents and records in the advisory opinion files of the commission from s. 119.01 and s. 119.07(1), or limits public access thereto, or makes such documents and such files confidential, your question must, therefore, be answered in the affirmative.
Prepared by: Sharyn L. Smith Assistant Attorney General