QUESTION:
May a municipal police department permit public examination and copying of motor vehicle accident reports required by municipal ordinance?
SUMMARY:
A written motor vehicle accident report made by a person involved in an accident and filed with a municipal police department is within the purview of s. 316.066(4), F. S., which provides that such reports are for the confidential use of the municipal police department and other municipal agencies having use of the records for accident prevention purposes. Since such motor vehicle accident reports have been provided by law to be confidential, they are therefore exempt from the public inspection requirements of the Public Records Law, Ch. 119, F. S. However, notwithstanding s. 316.066(4), a driver or other participant involved in an accident or a duly authorized representative of such driver or participant may inspect and copy his or her own accident report. Nothing herein should be construed to extend the confidentiality which has been legislatively mandated by s. 316.066(4) to accident reports filed by the police officer investigating the same.
Section 316.066(1), F. S., requires the driver of a vehicle which is in any manner involved in an accident resulting in bodily injury to or death of any person or total damage to property to an apparent extent of $100 or more to forward a written report of such accident to the Department of Highway Safety and Motor Vehicles. However, when the investigating officer has made a written report of the accident, no written report need be forwarded to the department by the driver. Section 316.066(2), F. S., authorizes the department to require the driver of a vehicle involved in an accident to file supplemental written reports whenever the department deems the original report to be insufficient and to require witnesses of accidents to render reports to the department. Section 316.066(3), F. S., requires every law enforcement officer who in the regular course of duty investigates a motor vehicle accident in the circumstances prescribed in subsection (1), either at the time of and at the scene of the accident, or thereafter by interviewing participants or witnesses, to forward a written report of the accident within 24 hours after completing the investigation of such accident. Section 316.066(4), upon which your question is founded, provides:
 All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident, and except that the department shall disclose the final judicial disposition of the case indicating which if any of the parties were found guilty. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or upon demand of any court a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirements that such a report be made to the department.
Pursuant to s. 316.008(1)(k), F. S., municipalities are empowered with respect to streets and highways within their jurisdiction and within the reasonable exercise of their police powers to require written accident reports. Thus, the question initially arises as to whether or not an accident report required by a municipal ordinance adopted pursuant to the authorization granted under s.316.008(1)(k) is also governed by the terms of s. 316.066(4),supra.
An examination of the language contained in s. 316.066(4), F. S., does not clearly indicate whether or not municipal accident reports are within the purview of that section. Under such circumstances, it is appropriate to look to the legislative history of the subject statute, as well as that of other closely related statutes, to determine the legislative intent. Florida State Racing Commission v. McLaughin, 102 So.2d 574 (Fla. 1958). To arrive at the meaning of a statute, the prior law, the mischief for which it had not provided, the remedy appointed by the Legislature, the reason for such remedy, and the facts which led to its enactment should be considered. Curry v. Lehman, 47 So. 18
(Fla. 1908).
In this regard, my research discloses that, prior to the enactment of the Uniform Traffic Law, Ch. 71-135, Laws of Florida, now codified as Ch. 316, F. S., state and local traffic regulation was governed by former Ch. 186, F. S. 1969, the Model Traffic Ordinance for Municipalities and former Ch. 317, F. S. 1969, which provided for regulation of traffic on highways. With respect to municipal accident reports, former s. 186.08(2) stated:
 The police department shall receive and properly file all accident reports made to it under state law, or under any ordinances of this municipality, but all such accident reports made by drivers shall be solely for the confidential use of the police department, the traffic engineer, the department of highway safety and motor vehicles, and the department of transportation, and no such report shall be admissible in any civil or criminal proceeding other than upon request of the person making such report or upon request of the court having jurisdiction to prove a compliance with the laws requiring the making of any such report.
Similarly, s. 186.9989 provided:
 All accident reports and supplemental reports required by drivers of vehicles by s. 186.9983(1) and (2) shall be without prejudice to the individual reporting, and shall be for the confidential use of the police department and of the department of highway safety and motor vehicles, except that the police department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the police department shall furnish upon demand of any court, a certificate showing that a specified accident report has or has not been made to the police department solely to prove a compliance or a failure to comply with the requirement that such a report be made to the department.
Moreover, s. 317.191 stated:
 Any incorporated city, town, village, or other municipality may, be ordinance, require that the driver of a vehicle involved in an accident shall also file with a designated city department a written report of such accident or a copy of any report herein required to be filed with the department. All such written reports shall be for the confidential use of the city department and subject to the provisions of s. 317.171 [now 316.066(4), F. S.].
Chapter 71-135, Laws of Florida, repealed both Chapters 186 and 317, F. S., and replaced them with a single chapter, present Ch. 316, F. S. In the preamble of Ch. 71-135, the Legislature indicated that the purpose of the revision was to ensure greater uniformity in traffic regulation throughout the state. This intent is reflected in the numerous `whereas clauses' which precede the enacting clause of the subject law, as exemplified by the following:
 WHEREAS, nonuniform laws and ordinances are a source of inconvenience and hazard to the motorist and pedestrian alike, and contribute to accidents, traffic snarls, and congestion, increase the administrative and enforcement burdens of governmental agencies, and raise serious barriers to interstate and intrastate travel and commerce, and
 WHEREAS, the following proposed chapter 316, Florida Statutes, is a consolidation of the existing state traffic laws contained in chapter 317, Florida Statutes, the traffic ordinances contained in chapter 186, Florida Statutes, and the suggested laws and ordinances contained in the Uniform Vehicle Code and the Model Traffic Ordinance into one workable, uniform law throughout the state and all its municipalities and political subdivisions . . . .
Accordingly, s. 1 of Ch. 71-135, Laws of Florida, now s. 316.002, F. S., in pertinent part states:
 . . . The legislature recognizes that there are conditions which require municipalities to pass certain other traffic ordinances in regulation of municipal traffic that are not required to regulate the movement of traffic outside of such municipalities. Section 316.008 enumerates the areas within which municipalities may control certain traffic movement or parking in their respective jurisdictions. . . .
In view of the foregoing, I am of the opinion that the legislative intent expressed by the enactment of Ch. 71-135, supra, was to ensure that municipal accident reports, where authorized by ordinances adopted pursuant to s. 316.008(1)(k), F. S., were governed by the same provisions as those which regulate accident reports required by the state through the Department of Highway Safety and Motor Vehicles. Thus, such reports are for the confidential use of the municipal police department or other city agencies having use of the records for accident prevention purposes. In addition, such reports may not be used as evidence in a civil or criminal trial arising out of such accident, except as otherwise provided in the statute. My conclusion in this regard is buttressed by several judicial decisions which have held that the purpose of s. 316.066(4), F. S., is at least in part to protect the constitutional rights against self-incrimination and to facilitate the ascertainment of the cause of accidents. Wise v. Western Union Telegraph Co., 177 So.2d 765 (1 D.C.A. Fla., 1965); Herbert v. Garner, 78 So.2d 727, 728 (Fla. 1955); State v. Coffey,212 So.2d 632, 635 (Fla. 1968). Accordingly, a construction of s.316.066(4) which would exclude municipal accident reports from the purview of that section might well be found to clash with the constitutional guarantee against self-incrimination, in addition to defeating the uniformity in traffic regulation intended by the Legislature.
Having determined that municipal accident reports fall within the purview of s. 316.066(4), supra, the remaining consideration is whether or not such reports are thereby exempted from the Public Records Laws, Ch. 119, F. S.
Florida's Public Records Law makes all state, county, and municipal records open to public inspection by any person. Sections 119.01 and 119.07(1), F. S. A municipal police department is an `agency' within the meaning of s. 119.011(2), F. S.; thus an accident report made or received by such department pursuant to law or ordinance or in connection with the transaction of official business is a public record open for inspection and copying unless s. 119.07(2)(a) is applicable. That section provides:
 All public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1).
My research discloses no judicial decision which has analyzed the relationship between s. 119.07(2)(a), supra, and s. 316.066(4), F. S. Cf. School Board of Marion County v. Public Emp. Rel. Commission, 334 So.2d 582, 584-585, at n. 10 (Fla. 1976), wherein the court indicated that a statute which limited access to otherwise public records to a narrowly defined class of interested persons might operate as an exemption to s. 119.01, F. S., as recognized in s. 119.07(2)(a), F. S.
An examination of decisions in other jurisdictions reveals, however, that courts have construed statutes restricting the use of an otherwise public record to a particular governmental agency or department and, declaring such record to be `confidential,' have also exempted such record from the disclosure requirements of the applicable Public Records Law. See Gerry v. Worcester Consol. St. Ry. Co., 143 N.E. 694, 697 (Mass. 1924); Lord v. Registrar of Motor Vehicles, 199 N.E.2d 316 (Mass. 1964). In light of the language in s. 316.066(4), F. S., which makes accident reports `for the confidential use of the department or other state agencies having use of the records for accident prevention purposes,' (Emphasis supplied.) I am of the opinion that such reports have been provided by law to be confidential and, by virtue of s. 119.07(2)(a), are exempt from the provisions of ss.119.01 and 119.07(1), F. S. Cf. Patterson v. Tribune Co.,146 So.2d 633 (2 D.C.A. Fla., 1962), cert. den'd, 153 So.2d 306 (Fla. 1963), wherein the court held that certain public records might be kept `secret and free from public inspection' when required by public policy.
As to whether a driver or other participant `involved in an accident' or a duly authorized representative of same may inspect and copy his own accident report, I am of the opinion that a different result must be reached. It has been held that the evidentiary privilege afforded by s. 316.066(4), supra, may be waived. Solar v. Kukula, 297 So.2d 600 (3 D.C.A. Fla., 1974); Southern Life and Health Ins. Co. v. Medley, 161 So.2d 19, 21 (3 D.C.A. Fla., 1964). Similarly, it is my opinion that the confidentiality provision of s. 316.066(4), F. S., may be waived by those persons whom the statute was designated to protect. Cf. Stivahtis v. Juras, 511 P.2d 421 (Ore.Ct.App. 1973), holding that a welfare recipient had a right to view his own file, notwithstanding a statute which prohibited disclosure of information contained in the files of welfare recipients. This conclusion appears to be consistent with the legislative intent as expressed in s. 321.05(1), F. S., which requires the members of the Florida Highway Patrol to, inter alia, `investigate traffic accidents, secure testimony of witnesses and persons involved and make report thereof with copy, when requested in writing, to any person in interest or his or her attorney . . . .' Accordingly, I am of the opinion that a driver or other participant of same may inspect and copy his own accident report.
It should also be noted that in AGO 072-158 I concluded that an accident report made by the officer investigating the accident (as opposed to a report made by a person involved in an accident) is not immune from public inspection and examination. Accord: Attorney General Opinion 056-286, stating that, although accident reports made by persons involved in accidents are confidential bystatute, a report by the investigating officer was a public record subject to inspection as provided in then-existing s. 119.01, F. S. Accordingly, this response should not be construed to extend the confidentiality legislatively mandated by s. 316.066(4), F. S., to accident reports filed by the police officer investigating the same.
Prepared by: Patricia R. Gleason Assistant Attorney General