In the Matter of the Application of IRVING COOPERSBERG, Petitioner, for an Order of Mandamus Directed to FRANK J. TAYLOR, as Commissioner of Public Welfare of the City of New York, Respondent.

Supreme Court, New York County, August 25, 1933.

*Samuel J. Stern* [*Hyman W. Kehl* of counsel], for the petitioner, for the motion.

*Arthur J. W. Hilly*, Corporation Counsel of the City of New York [*Joseph I. Berry* and *Sidney B. Schatkin* of counsel], and *Henry Epstein*, Solicitor-General of the State of New York, Counsel to the Temporary Emergency Relief Administration, opposed.

FRANKENTHALER, J. The provisions of section 155 of the Public Welfare Law expressly provide that information respecting the receipt of public relief shall be considered confidential and shall be disclosed only at meetings of the legislative body or to the State Board of Social Welfare or to persons or agencies entitled to the information in the opinion of the Commissioner. The public policy expressed in this statute is founded upon the desirability that the identity of those accepting public relief should not be disclosed lest worthy recipients be discouraged from applying for relief by reason of the publicity to which they might be subjected. The provisions of section 51 of the General Municipal Law and section 1545 of the Greater New York Charter, permitting any taxpayer to inspect public records, must be read in conjunction with section 155 of the Public Welfare Law. The records of the police and law departments of the city as well as of the board of health are exempt from the operation of the statutes permitting inspection upon the application of any taxpayer. Records regarding the distribution of public relief appear to be entitled to similar protection against publicity. The provisions of the Emergency Relief Act contain adequate safeguards against improprieties in the distribution of funds for public relief and it does not appear that the public interest requires that the records of the Commissioner of Public Welfare be disclosed to any taxpayer who may wish to examine them for whatever purpose.

The motion for an order of mandamus is denied.