George W. Pratt, S.
Charles E. Dean, Jr., one of the distributees of Phyllis M. Swimley, deceased, under article 17 of the Surrogate’s Court Act (§§ 311-313) has petitioned to establish heirship of real property owned by Darold J. Swimley and Phyllis M. Swimley as tenants by the entirety, and, by separate petition, to discover money and property under article 11 of the *487 Surrogate’s Court Act (§§ 205-206-a) claimed to belong to the estate of Phyllis M. Swimley and claimed to be withheld by James Swimley.
The petition in the probate of heirship proceeding alleges that Phyllis M. Swimley died intestate survived by petitioner Charles E. Dean, Jr. and Miriam Dean; that on the 24th or 25th of January, 1961 the said Darold J. Swimley killed his two children Darold Scott Swimley and Kathleen Swimley and his wife, Phyllis M. Swimley and then committed suicide; that petitioner Charles E. Dean, Jr. was thereafter appointed administrator of the goods, chattels and credits of Phyllis M. Swimley and that James Swimley was appointed administrator of the estate of Darold J. Swimley, and prays for a decree establishing the right of inheritance of the above-named persons to the real property described in the petition.
In the second proceeding for discovery, petitioner Charles E. Dean, Jr. alleges his appointment as administrator of the estate of Phyllis M. Swimley and that certain personal property belongs to the estate of Phyllis M. Swimley and is withheld by James Swimley who refuses to turn such personal property over to the petitioner, Charles E. Dean, Jr. on the ground that he, James Swimley, is the rightful owner or the estate of Darold J. Swimley is the rightful owner thereof. Said property consists of the proceeds of: (a) National Service Life Insurance Policy on the life of Darold J. Swimley, payable to Phyllis M. Swimley as principal beneficiary with James Swimley as contingent beneficiary; (b) Metropolitan Life Insurance Company policy on the life of Darold J. Swimley, payable to Phyllis M. Swimley as beneficiary; also Metropolitan Life Insurance Company policy on the life of Phyllis M. Swimley, payable to Darold J. Swimley, named as beneficiary; (c) Insurance policy issued by Prudential Insurance Company on the lives of Darold Scott Swimley and Kathleen Swimley; (d) Social Security benefits on the death of Darold J. Swimley; (e) Social Security benefits on the death of Phyllis M. Swimley; (f) Veterans’ Administration benefits on the death of Darold J. Swimley; (g) Payroll checks to Darold J. Swimley.
Said petition also alleges that the said moneys from the policies and benefits were obtained by James Swimley, individually and as administrator of the estate of Darold J. Swimley and that they belonged to the estate of Phyllis M. Swimley because the said Darold J. Swimley killed her and their two children and then committed suicide and that said acts on the part of Darold J. Swimley were unlawful and that, therefore, neither his distributees nor estate can benefit from the said *488 unlawful act and that said moneys and benefits collected by the said James Swimley rightfully belong to the estate of Phyllis M. Swimley and that demand has been duly made therefor and the said James Swimley refuses to pay or deliver the same.
The said James Swimley appearing in person and by his said attorney, moves to dismiss both petitions on the grounds:
(1) That this is not the proper forum to make the determinations requested in each petition;
(2) That the petitioner does not allege the necessary facts to permit the court to proceed;
(3) That under section 205 of the Surrogate’s Court Act, this is not the proper proceeding in relation to such property.
It is fundamental that on motions of this kind all of the facts set forth in the petitions must be deemed to be true. And that the allegations of the petitions must be given every possible favorable conclusion which can be drawn from such allegations.
As to the probate of heirship, section 311 of the Surrogate’s Court Act provides that the petition should describe the real property, set forth the facts upon which the jurisdiction of the court depends, and the interest or share of the petitioner and of each other heir of the decedent, in the real property, and praying for a decree establishing the right of inheritance thereto, and for the issuance of citation to show cause why the prayer of the petition should not be granted. All those appear in the petition, all heirs have been cited, or waived and all necessary parties are in court. The motion to dismiss this petition, therefore, is denied with exception.
As to the discovery proceeding, section 205 of the Surrogate’s Court Act entitled “ Proceedings to discover property withheld ” authorizes the initiation of a discovery proceeding upon a petition alleging “ any facts tending to show that money or other personal property or the proceeds or value thereof * * * is in the possession, under the control or within the knowledge or information of a person who withholds the same from him ”.
In Matter of Trevor (309 N. Y. 389) which reversed 282 App. Div. 451 which had affirmed Surrogate Collins, the Court of Appeals, through Chief Judge Conway, held that this section did not confer upon the Surrogate’s Court the power to direct the payment over of the balance standing to the credit of an ordinary bank deposit account to an estate representative of a deceased depositor and that the Surrogate’s Court had no jurisdiction in discovery proceedings over actions at law for *489 the recovery of common debts or to enforce ordinary contract obligations. That such an action was in personam and not in rem and that the obligation of the bank to the depositor becomes merely a chose in action in the depositor’s possession. Chief Judge Conway at page 392 quotes Surrogate Wingate in Matter of Lusher (159 Misc. 387, 389): “ If the genesis of the obligation of the respondent was predicated on the possession of an asset, jurisdiction inheres.” And he pointed out that the property concerning which discovery has been held a proper remedy for recovery includes, among others “ insurance policy proceeds ”. The footnote as to such proceeds cites Matter of Howley (133 Misc. 34) and Matter of Reilly (111 Misc. 66).
Following the Trevor case the Legislature amended section 205 of the Surrogate’s Court Act conferring jurisdiction over bank deposits in a case “in respect of which the depositary claims no beneficial interest other than his or its proper costs, fees or expenses.”
In Matter of Howley ([1928], supra), Surrogate Slater of Westchester County held that Surrogate’s Court had jurisdiction over such a matter and the right to compel discovery in industrial insurance policies with a facility of payment clause whether the insurance company has funds belonging to the decedent’s estate and to compel payment to the representative of the estate.
Surrogate Schulz, of Bronx County, held in Matter of Reilly (supra) where an insurance company had paid proceeds of an industrial policy under the facility of payment clause that such clause is for the protection of the insurance company only and that the insurance company could not invest the person paid with the absolute ownership of the moneys paid. And there are other decisions to the same effect.
In the case at bar, it is alleged the National Service Life Insurance from the Veterans’ Administration on the life of Darold J. Swimley was payable on his death to Phyllis M. Swimley as principal beneficiary with James Swimley as contingent beneficiary. What the contingency was does not appear. Another policy issued by the Metropolitan Life Insurance Company on the life of Darold J. Swimley was payable to Phyllis M. Swimley as beneficiary. Another policy issued by the Metropolitan Life Insurance Company on the life of Phyllis M. Swimley was payable to Darold J. Swimley. A policy or policies issued by the Prudential Insurance Company on the lives of the children Darold Scott Swimley and Kathleen Swimley carried no beneficiary.
*490 Surrogate Frankenthalee of New York County, in 1956, in Matter of Balthazar (4 Misc 2d 800) in dismissing a proceeding for lack of jurisdiction in a discovery proceeding to compel the John Hancock Mutual Life Insurance to deliver the proceeds of decedent’s life insurance policy to his estate, applying the rule in Matter of Trevor (309 N. Y. 389, supra) and the test of Surrogate Wiitgate in Matter of Lusher (159 Misc. 387, supra) said: “ the genesis of the insurer’s obligation is not predicated on possession of an asset, in which case jurisdiction would inhere, but rests merely on a general claim purely in personam, over which there is no jurisdiction ” (italics supplied).
In the instant case the petitioner alleges that the respondent has possession of certain assets of the estate including proceeds of various insurance policies on various lives, social security benefits on two lives, Veterans’ Administration benefits on one life and the proceeds of a check for back pay of Darold J. Swimley, deceased. These are known assets in rem and the question to be determined is to whom or to whose estate do they belong?
The difficulty lies in the information or lack of it, in the petition and with the sequence of deaths implied in petitioner’s allegation in paragraph 6 of the petition in the unfortunate use of the words “ then committed suicide,” implying that Darold J. Swimley died last. Respondent urges that the petitioner must allege that the estate he represents has title to the assets concerning which discovery is sought and cites Matter of Buckler (227 App. Div. 146). The court there held that the property belonged to the decedent. It is noted that this Appellate Division case was decided after testimony had been taken and the Appellate Division, through Mr. Justice Edgcomb, speaking for the court reversed the Surrogate who had held that title had not been established.
In the case at bar petitioner alleges in paragraph 2, “ That your petitioner claims that the following money and personal property belongs to the estate of Phyllis M. Swimley.” That’s a clear allegation of title. Petitioner then alleges that the respondent individually and as administrator of Darold J. Swimley obtained the foregoing moneys; that they belonged to the estate of Phyllis M. Swimley because Darold J. Swimley killed her and the two children and then committed suicide and that due to said unlawful acts neither Darold J. Swimley nor his distributees or estate can benefit from said unlawful acts and that demand has been made and the respondent refuses to pay or deliver such assets but claims the same is his own.
*491 While such pleading is rather inartistically drawn and is rather sketchy it is here held that this is sufficient to charge such unlawful acts on the part of Darold J. Swimley as to preclude his estate or those deriving from or through him any proceeds of such unlawful acts. The respondent admits this issue has to be tried somehow, sometime, and in some court but mainly in this motion challenges the jurisdiction of this court to hear this issue.
The use of the words in paragraph 6 of the petition “ and then committed suicide ” does not negate a conclusion that Darold J. Swimley’s acts were illegal or that he committed a wrong and should not be permitted to profit thereby. This is a question which must be decided de novo. (Matter of Eckardt, 184 Misc. 748.)
An answer of title by the respondent will raise the issue and the whole matter can be tried at one time rather than in two separate forums. The motion to dismiss the discovery proceeding is, therefore, denied, with exception.