Mario Pittoni, J.
In this proceeding pursuant to article 78 judgment is granted in favor of the respondent on his motion pursuant to OPLR 7804 (subd. [f]) dismissing the petition.
The petition and the supporting papers do not reveal facts from which it may be held that as a matter of law the petitioner should be permitted to examine the respondent’s records “ pertaining to the granting of public assistance to the petitioner ” as requested in the notice of petition. The records of the respondent are not public records. Sections 132 and 136 of the Social Services Law (formerly Social Welfare Law, renamed by L. 1967, ch. 728) provide that the reports of investigation of applicants and all information and communications pertaining to welfare recipients shall be confidential. While the court can relax that provision and permit an inspection by “ a legally constituted body or officer empowered by law to examine into or direct the administration of welfare assistance ”, there is no statutory basis for an examination by the petitioner.
Moreover, if it be assumed that it were not intended that the recipient should be absolutely barred from seeing the records, the facts stated in the papers submitted do not warrant an exercise of discretion in her favor. There is nothing alleged to show that *54 the petitioner is not fully aware of the benefits received by her. If under tbe statutes and under tbe regulations of tbe New York State and tbe Nassau County Departments of Social Services tbe petitioner may be entitled to greater assistance, an application for such assistance can be made.