J. George Follett, J.
This case comes to court on a petition filed December 3, 1969 by the St. Lawrence County Department of Social Services alleging that Viola Putnam neglected her out-of-wedlock child, David Putnam, by refusing to co-operate in an effort to establish the paternity of said child. It is alleged that by reason of the refusal the child may be adversely affected in later life by losing benefits to which he might otherwise be entitled. Presumably this refers to the right of support by the father as well as a right to social security benefits through the father. Taking the broad view of the allegation it might also be argued that a valuable benefit to be derived by the child is the establishment of paternity itself whereby the child would be entitled to carry the name of his father rather than that of his mother.
When the case was scheduled Mrs. Putnam appeared without counsel and stated that she was unwilling to divulge the name of the father of the child. Mrs. Putnam advised that she was divorced at the time the child was conceived.
The first issue presented is whether or not the allegation of refusal to co-operate constitutes neglect as a matter of law. I have had supplied to me a memorandum dated September 24, 1969 from C. Walter Driscoll of the New York State Department of Social Services and directed to all Commissioners of Social Services in Area 3 which includes St. Lawrence County. The memorandum advises that recently enacted section 132-a and section 352-a of the Social Services Law do not authorize a Department of Social Services to deny support to out-of-wedlock children where the mother refuses to divulge the name of the putative father.
The memorandum goes on to quote the following paragraph apparently from the Counsel’s office of the State Department of Social Services: 1 ‘ However, as I indicated our primary concern should be with the welfare of the children involved and in "this respect local districts should press in Court for a finding of neglect in such cases since a refusal to cooperate may result in a failure to establish paternity and can cause the child involved injury in later life by cutting him off from benefits to which he might otherwise be entitled”.
The amendment to the Social Services Law (§ 132-a, subd. 3) provides in part that ‘ ‘ In appropriate cases, such applicant *428 shall be required to file a petition in the family court instituting proceedings to determine the paternity of her child, and she shall be required to assist and cooperate in establishing such paternity ’ ’. Section 352-a poses a duty upon the Commissioner of Social 'Services to ascertain the identity of the putative father to determine potential liability and to attempt to establish paternity of the child.
Counsel for the St. Lawrence County Department of Social Services relies upon the Children’s Court case of Matter of Kinney (151 Misc. 769). In that case children were found tó be neglected by reason of their father’s refusal to participate in a work relief program instituted during the depression. Many of the arguments of that case can be quite effectively advanced in this case. However, this court does not choose to follow the reasoning of that case as it seems most inappropriate to attempt to enforce a duty of support by a charge of neglect especially where there is no criticism of the care or guardianship which the child receives. The gravamen of this proceeding is an attempt to obtain support from the putative father thereby relieving the taxpayers from the burden of supporting the child. The entire thrust of the proceeding is in that direction. The harm to the child is considered only as an incidental means of getting at the support problem.
It seems to me that the Department of Social Services has a remedy which goes directly to the issue presented and which is consistent with the recent amendments to the Social Services Law. The Commissioner in his own right can file a paternity proceeding against the unknown respondent (Family Ct. Act, § 522; CPLR 1024). He can then apply to the court for an order requiring disclosure from the mother of the name of the father. Once determined the petition can be amended and appropriate service made. This would accomplish the same ends in one proceeding and avoid the complicated issue of neglect as well as innuendo that might flow therefrom.
However, there is a problem which deserves comment. The effort to identify the father could be frustrated if the mother refused to identify the father of the child on the grounds that her answer to that question might tend to incriminate her. Adultery is still a crime (Penal Law, § 255.17), although considerable effort was made to delete it from the revised Penal Law. This would be a complete bar to disclosure (N. Y. Const., art I, § 6; U. S. Const., 5th Amdt). Thus, in order to accomplish the ends intended by the addition of section 132-a and section 352-a of the Social Services Law, the Legislature should *429 provide that the disclosure cannot be used against the mother in any subsequent criminal proceeding.
For the foregoing reasons the neglect petition filed December 3, 1969 is dismissed. The court will entertain a paternity petition by the Commissioner of Social Services in its place.