William J. Regait, 8.
This is a discovery proceeding by Eleanor Ryan, administratrix of the above estate, to inquire *416 regarding knowledge or information concerning an alleged agreement between decedent and respondent. The agreement in question allegedly concerned a transaction involving stock of respondent’s company and its alleged obligation to sell some of said stock under certain conditions and also included an escrow agreement.
The respondent stipulated that there were such agreements and voluntarily agreed that the funds in escrow, plus interest, be turned over to the estate. On the other hand, respondent volunteered no further information regarding the alleged agreement and takes the position in relation to this discovery proceeding that the Surrogate’s Court has no jurisdiction and that the relief sought is in the realm of other courts.
The statutes relating to disclosure proceedings have been enlarged continually for the past 50 years. Amendments to such statutes and decisions of the courts have expanded the rights of fiduciaries who may seek disclosures on an increasingly broadened scale. “ The purpose of the statute is to provide a summary mode of discovering and reaching specific property of the deceased or held by his fiduciary, in the tribunal which logically should dispose of all affairs affecting the estate. The primary purpose is inquisitorial, that is, to permit an inquisition in respect to facts, ownership, and right to possession to any property within the knowledge or control of another. It is a fishing expedition which may be instituted on information and belief, of any facts tending to show either possession of or knowledge or information concerning property which should be delivered to the estate fiduciary. It is an examination before trial to elicit information upon which to found a demonstration for ultimate recovery of assets. It now goes beyond this and permits an inquisition even where it is impossible to indicate the specific money or property about which information is sought.” (2 Harris, N. Y. Estates Prac. Guide [3d ed.], § 477.)
The Surrogate’s Court is a constitutional court. Historically, its jurisdiction has been and continues to be expanded and enlarged. Surrogate John D. Bennett, in Matter of MacElroy (58 Misc 2d 93) expounded in detail concerning this question. He stated (p. 96): “ In this court’s opinion, all but one obstacle to full and complete jursidiction was removed by the State Constitution and the statutes recently adopted, so that Surrogates’ Courts in New York may now hear and determine any and all controversies relating to the affairs of decedents. The one area expressly reserved is inter vivos trusts, which often give rise to problems after death but apparently are regarded by the Legislature as not being sufficiently related to the affairs of *417 decedents to give jursidiction to the Surrogates ’ Courts, except in certain limited aspects not necessary to mention here.”
Subdivision 4 of SCPA 209 states that the court has power: “To determine a decedent’s interest in any property claimed to constitute a part of his gross estate subject to estate tax, or to be property available for distribution under his will or in intestacy or for payment of claims, and to determine the rights of any persons claiming an interest therein, as against the decedent, or as between themselves, and to construe any instruments made by him affecting such property. Nothing herein provided shall be construed to confer jurisdiction on the court over inter vivos trusts.”
Subdivision 3 of SCPA 201 gives the general jurisdiction of the Surrogate’s Court: “The court shall continue to exercise full and complete general jursidiction in law and in equity to administer justice in all matters relating to the affairs of decedents and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any action or proceeding, or between any party and any other person having any claim or interest therein, over whom jurisdiction has been obtained as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires.”
Additional quotations from the Matter of MacElroy (supra, p. 97) follow: “ It was, for instance, pointed out (p. 1147) quoting from Matter of Raymond v. Davis (248 N. Y. 67): “ Concentration of jurisdiction as to decedents’ estates * * * is the purpose clearly revealed in the statutory scheme. The state has empowered surrogates in unmistakable language, and it is not the function of the courts to discover or to fashion reasons for thwarting the manifest policy.” It was said further: “ Only by such relief can there be complete justice between the parties without oppressive expense or harrowing delay.”’”
The fact thafxother remedies are available to a legal representative of an estate is clearly not a bar to the maintenance of a discovery proceeding. (Matter of Rosen, 173 Misc. 433.)
Prom all of the foregoing this court is of the opinion that the intent of the Legislature is clearly to give the Surrogate’s Court sufficiently wide jurisdiction so that it may make complete dispositions of any and all matters affecting the estate of a decedent and thus make it unnecessary for parties to go to different courts in order to obtain the relief sought. Consequently, the court will order that jurisdiction in this proceeding does lie within this court.