Morris Aarons, S.
This is a motion under CPLR 3120 for discovery and inspection of records in an application for commitment of an infant pursuant to section 384 of the Social Services Law. The mother has filed an answer in the main proceeding asking for return of the child. The motion is opposed by the Department of Social Services and by the adoption agency. The former contends that the records are confidential under subdivision 4 of section 372 of the Social Services Law, and at any rate that the procedure is improper in that under that section the relief should be sought in the Supreme Court. It is urged that a notice should be served as provided in CPLR 3120 and opportunity given to seek a protective order under section 3122. The agency concurs in the opposition except that it does not question the jurisdiction of the court and asks that if a discovery is granted it be limited to communication between the petitioner and respondent mother and be conducted under the supervision of the court within the provisions of SCPA 2609 and CPLR 3104. It also cites People ex rel. Scarpetta v. Spence-Chapin Adoption Serv. (28 N Y 2d 185, 195) to the effect that the Social Services Law reflects the public policy that the mother and the adoptive parents be not identified to each other. However, in that case the adoption had already taken place whereas here the child has not yet been committed.
The petition in the commitment application alleges that the indifference and negligence of the mother constitutes an abandonment. Her answer denies this and she insists that she is a fit person to care for the child. It would seem, especially in view of the Scarpetta decision, that the mother should at this stage of the matter be given every opportunity to support her case.
With respect to jurisdiction, it must be pointed out that the commitment proceeding is in this court and to follow the pro *66 cedure in CPLR would be futile since the issues are already joined under the procedure adopted. As stated in Weinstein-Korn-Miller (vol. 3, N. Y. Civ. Prac., par. 3102.05): “In the case of discovery and inspection, for example, an application to the court will be required only if the parties cannot agree on terms. Therefore, the normal reaction should be to arrange disclosure amicably with an opponent before bringing the matter to the court’s attention. It was, in the opinion of the Advisory Committee, desirable to maintain, to the extent practicable, maximum control and supervision of litigation by the parties rather than the courts. Where attorneys cannot or will not cooperate, the court is given broad power in subsequent provisions to prevent abuse. See CPLR 3103, 3104.” (Italics supplied.)
As provided in SCPA 209 (subd. 9): “In the exercise of its jurisdiction, the court shall have all of the powers that the supreme court would have in like actions and proceedings ”,
Both the agency and the Commissioner cite Matter of Turner v. Barbaro (56 Misc 2d 53, affd. 31 A D 2d 786) in support of their position. There the court dismissed an article 78 proceeding requesting an examination of Social Service records pertaining to the granting of public assistance, but that decision was actually based on a finding that the moving party had not shown sufficient facts to warrant granting of the relief sought which does not appear to be raised as an issue on this motion. Where the facts do warrant disclosure and certainly the right of a mother to defend her right to custody of her own child would require such relief, the bar to disclosure ‘1 has been relaxed, ignored, questioned, or not even raised”. (Matter of Mellion, 58 Misc 2d 441, 442.)
The court holds that it does have jurisdiction to entertain and decide the motion. Even though subdivision 4 of section 372 of the Social Services Law refers to the Supreme Court, the commitment has been sought in this court which should dispose of the motion as relating to the main issue. CPLR 3120 states a notice may be served and under CPLR 3122 a motion can then be made for a protective order. The same result has been reached by the procedure herein adopted by a motion in the first instance and affidavits in opposition thereto. It would seem ridiculous to relegate the parties to another court on this incidental phase of the application.
The Surrogate’s Court, Erie County, in Matter of Ryan (63 Misc 2d 415, 416) in a discovery proceeding overruled respondent’s contention that because certain agreements were involved that relief should be sought in another forum, stating: ‘ ‘ The *67 Surrogate’s Court is a constitutional court. Historically, its jurisdiction has been and continues to be expanded and enlarged. Surrogate John D. Bennett, in Matter of MacElroy (58 Misc 2d 93) expounded in detail concerning this question. He stated (p. 96): ‘ In this court’s opinion, all but one obstacle to full and complete jurisdiction was removed by the State Constitution and the statutes recently adopted, so that the Surrogates’ Courts in New York may now hear and determine any and all controversies relating to the affairs of decedents.’”
The court further remarked (p. 417): “ Additional quotations from the Matter of MacElroy (supra, p. 97) follow: ‘ It was, for instance, pointed out (p. 1147) quoting from Matter of Raymond v. Davis (248 N. Y. 67): “ Concentration of jurisdiction as to decedents ’ estates * * * is the purpose clearly revealed in the statutory scheme. The state has empowered surrogates in unmistakable language, and it is not the function of the courts to discover or to fashion reasons for thwarting the manifest policy. ’ ’ It was said further: ‘ ‘ Only by such relief can there be complete justice between the parties without oppressive expense or harrowing delay.” ’ ”
There is also a request by the moving party that a guardian ad litem suggested by it be appointed on behalf of the infant. This is opposed by the other parties. The court has appointed a guardian ad litem selected by it, without fee, who is well qualified to look after the interests of the infant.
The motion is in all respects granted. The order to be entered will contain a provision that the examination be held under the supervision of this court and be limited to communications between the mother and the other parties or entries relating to the mother that would be relevant and material in the pending proceeding, and that the identity of the prospective foster parents will not be disclosed.