Joseph T. Pilato, J.
This is a motion of petitioner, Monroe County Department of Social Services, to quash a subpoena duces tecum in a paternity case. The Department of Social Services instituted a filiation proceeding against “ X ” alleging that he was the father of a child born to u Y ”. The records subpoenaed were the Department of Social Services records concerning assistance being given to the mother as and for support and maintenance of her son and more particularly, such records containing statements by mother concerning parentage of her son.
The Department of Social Services argues that the subpoena be quashed because the records contain confidential information and privileged information, which disclosure is barred by statute (Social Services Law, §§ 132,136; CPLR 4508) and that no special circumstances have been shown permitting said inspection.
CONFIDENTIALITY
The Social Services Law prohibits disclosure of welfare records except for certain enumerated officials, as well as “ any other body or official required to have such information properly to discharge its or his duties ” (§ 136, subd. 1), and “ to a person or agency considered entitled to such information.” (§ 136, subd. 2). This court, and attorneys discharging their duties in this court, should qualify under this exception. The proceedings in this court are secret and the court may further limit public disclosures by the litigants and counsel. Furthermore, section 136 of the Social Services Law, which generally limits disclosure, has not been uniformly applied. (Matter of Mellion, 58 Misc 2d 441; Matter of Turner v. Barbaro, 56 Misc 2d 53 ; Kelly v. Wasserman, 5 N Y 2d 425; Matter of Hawthorne, v. Edward S., 31 A D 2d 426; Matter of Scott, 67 Misc 2d 64) and there are other statutory mandates which support disclosures (Social Services Law, § 352-a; CPLR 4508, subd. 2). The court finds that it would be a “ harmful act ” to not admit a social worker’s communications with his or her client which are relevant in a filiation proceeding (CPLR 4508, subd. 2).
SPECIAL CraCUMSTANCES
Discovery proceedings of the CPLR are applicable to Family Court proceedings (Matter of Walsh, 64 Misc 2d 293). The CPLR 3101 allows discovery where the court finds ‘1 special circumstances ” to exist and the courts have found special circumstances to exist where the witness to be examined has special or exclusive knowledge regarding the events to be discovered. The petitioner, the Department of Social Services, has special or *1059 exclusive knowledge of evidence in this case and, more importantly, this evidence may affect the rights and obligations of the real party in interest in the case, the infant. (See, generally, Matter of Clear, 58 Misc 2d 699; Pearson v. Pouthier, 33 A D 2d 531.)
In a paternity proceeding, the evidence adduced must be entirely satisfactory to support the order of paternity (Matter of Harris v. Doley, 22 A D 2d 769; Matter of Gray v. Rose, 30 A D 2d 138; Matter of Tree v. Ralston, 62 MisC 2d 582; Matter of Kay “I” v. Frank “J”, 34 A D 2d 1032), and it is conceivable that such a record could not be made without disclosure of the mother’s statements to the social worker regarding her relations with the respondent as well as other men. Sometimes, an unco-operative mother may complicate the interests of justice in this type of proceeding (Matter of Putnam, 62 Misc 2d 426).
It is important to this case and to the child involved that all the available evidence on the issue of paternity be presented to the court as trier of the facts. The objectives of section 132 of the Social Services Law limiting disclosure, with certain enumerated exceptions, and of CPLR 4508, limiting disclosure, with other enumerated exceptions, should be and are subordinate to the interests of the infant. The court has given great weight to the spirit of section 352 of the Social Services Law. Accordingly, disclosure of the subject welfare records is ordered. The discovery should be limited to counsel’s examination of those records which summarize conversations between petitioner and the Department of Social Services caseworker. The court would be disposed to receive the Department of Social Services records in evidence, including conversations as described above, and it would be helpful if the worker was present in court and subject to cross-examination.
The motion to quash is denied. The Department of Social Services is directed to furnish respondent with all material evidence concerning the filiation of the infant child.