Bernard Tomson, J.
Defendant seeks leave to inspect records of the Department of Social Services as produced pursuant to a subpoena duces tecum. Whether considered as an application for discovery or for examination preliminary to cross-examination, the application must be denied.
CPL article 240, the discovery article, has no provision for this type of discovery. Subdivision 3 of CPL 240.20 permits discovery only of property “which is within the possession, custody or control of the district attorney ”.
Subdivision 2 of section 136 of the Social Services Law provides : “ 2. All communications and information relating to a person receiving public assistance or care obtained by any social services official, service officer, or employee in the course of his work shall be considered confidential and, except as otherwise provided in this section shall be disclosed only to the commissioner of social services, or his authorized representative, the county board of supervisors, city council, town board or other board or body authorized and required to appropriate funds for public assistance and care in and for such county, city or town or its authorized representative or, by authority of the county, city or town social services official, to a person or agency considered entitled to such information.”
There is no provision in the Social Services Law for a defendant in a criminal action to obtain Department of Social Services communications or information regarding a person (witness) obtaining public assistance or care.
In Matter of Turner v. Barbaro (56 Misc 2d 53, affd. 31 A D 2d 786), petitioner, a welfare recipient sought to examine Department of Social Services records pertaining to the granting of public assistance to her. The court denied relief to the petitioner, even though petitioner was seeking to examine her own records. The court held: ‘ ‘ The records of the respondent [department of social services] are not public records. Sections 132 and 136 of Social Services Law * * * provide that the reports of investigation of applicants and all information and communications pertaining to welfare recipients shall be confidential. While the court can relax that provision and *338 permit an inspection Tby ‘ a legally constituted body or officer empowered by law to examine into or direct the administration of welfare assistance ’, there is no statutory basis for an examination by the petitioner.”
In an extensive opinion concerning the sanctity of welfare files, Justice Sobel of the Supreme Court, Kings County, stated: “Welfare files are private and secret. Neither information obtained from the welfare recipient or any other source may be disclosed for any purpose. Included of course are the observations and conclusions of the investigator. None of these may be used at all at a trial of any action ” (Terrell v. City of New York, N. Y. L. J., Jan. 29, 1968, p. 19, col. 3),
The guidelines that the Legislature was required to follow in adopting a rule of confidentiality with regard to these records (see Terrell v. City of New York, supra) can be found in the Handbook of Public Assistance Administration which is issued by the United States Department of Health, Education and Welfare. Part IV, section 7210 provides: “ Objectives— The provisions of the Social Security Act, regarding the confidential character of public assistance information have as their objective the protection of applicants and recipients from exploitation and embarrassment. State regulations should be directed to the objectives of:
“1. Developing a relationship of confidence between the agency and the applicant for public assistance which is vital and essential to efficient administration.
“2. Defining and protecting the rights of applicants for public assistance through safeguards (a) against the identification of such individuals as a special group segregated on the basis of their need for public assistance, (b) against the exploitation of this group from commercial, personal, or political purposes, and (c) against making information available as a basis for prosecution and other proceedings except in connection with the enforcement of the public assistance laws.
“ 3. Providing a basis for recognition by the courts of the right of the agency to protect its records, and of the privileged character of information made available to the public assistance agency in the process of administering assistance.
“ 4. Developing a relationship of confidence between the agency and the public at large by protecting information made available to the agency by representatives of the public and utilizing such information only for the purposes of the proper functioning .of the agency’s public assistance programs.”
*339 Subdivision 3 requires the courts to recognize the sanctity of the records and subdivision 4 emphasizes the confidential nature of th'e records so that the public at large will contribute information knowing that it will be held in confidence and “ protected
The objectives as set forth in the Handbook of Public Assistance Administration and section 136 of the Social Services Law, require a holding that defendant be denied access to the subpoenaed records (Matter of Turner v. Barbaro, 56 Misc 2d 53, supra; Terrell v. City of New York, N. Y. L. J., Jan. 29, 1968, p. 19, col. 3, supra; Matter of Minicozzi, 51 Misc 2d 595; Matter of Coopersberg v. Taylor, 148 Misc. 824); nor are these records available for impeachment purposes on cross-examination pursuant to rules delineated in People v. Damon (24 N Y 2d 256); People v. Malinsky, (15 N Y 2d 86); and People v. Rosario (9 N Y 2d 286). “ In my judgment the rule to be used is that neither the records per se nor the 1 information ’ derived therefrom may be used by the city either on its direct case or to impeach the plaintiff or his witnesses.” (Terrell v. City of New York, supra). Damon, Malinsky, and Rosario mandate, for cross-examination, inspection of statements (including grand jury testimony) that are within the possession of counsel or the police. Rosario, however, significantly states, in this regard: “ As long as the statement relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential, defense counsel should be allowed to determine for themselves the use to be made of it on cross-examination.” (People v. Rosario, supra, p. 289; emphasis supplied).
Since these records ‘6 must be kept confidential ’ ’, they are not available for cross-examination. “No other conclusion is justified but that welfare records may not be released for use in court ” (Terrell v. City of New York, supra).
Based on the foregoing, it is ordered that defendant’s motion be denied in all respects.