Shirley W. Kram, J.
This is a petition to review the foster care status of four children who were voluntarily placed by their mother in March, 1969. The two girls Laura and Jean were placed in a foster home as were the two boys. Subsequently in June, 1973 the boys were returned to their mother on a trial discharge where they presently reside. In January, 1973 the instant petitions were brought to review the status of all four children. In April, 1973 the natural mother, Mrs. Darnel, brought a writ of habeas corpus in Supreme Court for the return of her two daughters. This writ was subsequently referred to Family Court to.be heard in conjunction with this section 392 of the Social Services Law proceeding.
The foster parents of all the children have intervened in the proceeding. Law Guardians have been appointed to represent the children and all parties have been referred to the court clinic for evaluation.
*1010 Presently before the court is a motion for discovery by means of interrogatories pursuant to CPLR 3130 served on thé Catholic Home Bureau, the agency which maintains records concerning the children, natural mother and foster parents.
Also ¡before this court is a motion to dismiss the petition concerning Rose Darnel and John Darnel on the ground that foster care placement has been terminated.
Petitioner Commissioner of Social Services and Catholic Home Bureau cross-moved for a protective order (CPLR 3130) on the ground that sections 136 and 372 of the Social Services Law deem the records confidential and prevent disclosure of Department of Social Services records except by order of the Supreme Court.
It is argued that since an order of Supreme Court is required by subdivision 4 of section 372 of the Social Services Law, the Family Court is precluded from making such order.
It is the court’s opinion that since section 372 of the Social Services Law was enacted in 1894, long before section 392 of the Social Services Law, it was not envisioned that a Family Court would be in existence much less have jurisdiction over proceedings under the Social Services Law. The fact that the Family Court was not mentioned in section 372 does not indicate an intent by the Legislature to give the Supreme Court exclusive power over agency records. To interpret section 372 in such a manner would defeat the purposes of the Social Services Law in general which are to expedite disposition and planning for children in foster care. The Legislature could not have intended that Family Court proceedings be delayed while disclosure orders were sought in the Supreme Court. The same conclusion was reached by the Surrogate’s Court in Matter of Scott (67 Misc 2d 64, 66), where the court said that: “ Even though subdivision 4 of section 372 of the Social Services Law refers to the Supreme .Court, the commitment has been sought in this court which should dispose of the motion as relating to the main issue ”. More recently in Dunlap v. Talbot Perkins Children's Serv. (N. Y. L. J., Nov. 21, 1973, p. 17, col. 6) the Supreme .Court reached the same result in interpreting section 372 stating that where there is a judicial proceeding concerning custody of children where case records are necessary, then the court in which the action is pending should dispose of all motions relating to the matter.
Furthermore the writ of habeas corpus was referred by the Supreme Court to this court. Therefore, the Family Court *1011 has jurisdiction to determine this issue and possesses the same powers as the Supreme Court.
In Addie W. v. Charles U. (43 A D 2d 727) the allegedjather in this paternity proceeding appealed from a denial of his motion for the issuance of a subpoena duces tecum for production of certain welfare case records of Department of Social Services, based on confidentiality of these records.
The Appellate Division reversed and granted the subpoena, indicating the records are to be viewed by the trial court in camera, and relevant portions be made available to appellant. The court stated that since the proceeding “ involves an inherent difficulty of disproof ’ ’ the court must allow to the alleged father “ a certain measure of well-guarded access to such information
Does not the movant herein have a somewhat similar problem? These records, under the exclusive control of the agency, contain information vital to the moving party’s case. It is the intention of the court to .make such records available in an expeditious and fair manner. Only the information that is required is to be divulged, and the court must be the arbiter of what is pertinent and necessary.
Section 165 of the Family Court Act provides for the CPLR to be used in all matters not covered by the Family Court Act. The CPLR is especially applicable to disclosure devices which are not found in the Family Court Act but are in article 31 of the CPLR. It is this court’s determination that disclosure in this instance should be by means of discovery and production of documents pursuant to CPLR 3120 rather than interrogatories. This court is reluctant to burden the respondents with requiring them to answer individual questions when the information sought is available from records in their possession. The use of interrogatories is not appropriate to this proceeding. The respondent is ordered to make available its records for the petitioner to inspect, same to be done under the aegis of this court.
Motion to dismiss the petition as to John and Rose Darnel is denied. This court retains jurisdiction over foster care status of the children until final discharge to the natural parent.