John D. Bennett, S.
In these discovery proceedings the respondent moves to dismiss the proceedings on the ground that the court lacks jurisdiction over the subject matter.
*352 The respondent was married to the decedent and they were divorced in 1971. Prior to the divorce the decedent designated her husband as the beneficiary of an insurance policy with her two children as alternate beneficiaries. The application for the insurance was made on March 27, 1967. Some time in 1972 the decedent wrote to the insurance carrier asking for change-of-beneficiary forms which the carrier forwarded to her on August 2, 1972. On September 5, 1972 the insurance carrier wrote to the decedent asking why the change-of-beneficiary forms were not returned to them. It is conceded by the executrix of the estate that no forms were returned to the insurance carrier but she alleges that the decedent was prevented from doing so because of her mental condition which was brought about as a result of the divorce.
After the decedent’s death the executrix forwarded necessary forms to the decedent’s former spouse which he executed and ultimately the insurance carrier forwarded a check, dated July 12, 1976, to the respondent. Subsequently the children asked the fiduciary to recover the proceeds from the respondent, contending that they are the true beneficiaries of the policy.
When the proceedings were first commenced, the court issued a decision dated September 29, 1976 which provided that the order directing an inquiry be allowed without prejudice to a motion of the respondent to move to dismiss for lack of jurisdiction. The respondent now moves to dismiss the matter for lack of jurisdiction.
Historically a discovery proceeding is in the nature of a replevin action to recover chattels and not to enforce ordinary contract obligations (Matter of Trevor, 309 NY 389). Gradually, however, the Surrogates’ Courts have rendered decisions expanding the scope of a discovery proceeding (Matter of Goldstein, 79 Misc 2d 4; Matter of Young, 80 Misc 2d 937; Matter of Hall, 54 Misc 2d 923; Matter of Rungo, 74 Misc 2d 239).
The reason the Surrogates have been retaining jurisdiction over contractual matters is not necessarily because such a proceeding would be authorized under SCPA article 21 but because of the provisions of article VI of the New York State Constitution and the jurisdictional provisions of SCPA article 2 (Matter of Fornason, 88 Misc 2d 736). If a matter deals with the affairs of a decedent, the Constitution provides that jurisdiction lies in the Surrogate’s Court, and pursuant to SCPA *353 202 if the court does have jurisdiction of the subject matter and jurisdiction of the parties regardless of what type of proceeding was nominally commenced, the court can convert that proceeding into one over which it has jurisdiction.
The question of title to the insurance proceeds is not solely a dispute between living persons — a decedent is involved. Her estate is involved as testamentary and nontestamentary assets may have estate tax consequences in which the fiduciary must play a role and the expeditious determination of ownership of a particular asset assists in the proper administration of an estate. This court has jurisdiction over the estate; proceedings were commenced here; motions were made here; pretrial proceedings were utilized here; the court is familiar with these proceedings. Only delay can be gained by this court’s granting the motion and sending the parties to a common-law forum. Any abuse of bringing proceedings that ought not be brought here can be avoided by the Surrogate refusing to entertain proceedings as authorized by SCPA 2101.
Accordingly, the motion to dismiss is denied and the parties are directed to complete their discovery as afforded under SCPA article 21 and CPLR article 31 and then comply with rule 1830.21 of this court. (22 NYCRR 1830.21.) At the conclusion of same the court will conduct a hearing to determine the issue as to the ownership of the insurance proceeds.