■ CHRISTINA RUGGIERO, Respondent, v JOSEPH J. MARCO, Appellant, et al., Defendant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered October 9, 1974 in Schenectady County, upon a decision of the court at Trial Term, without a jury. This action was commenced by the plaintiff to compel the defendant, Joseph J. Marco, to reconvey to her certain premises known as No. 727 Brandywine Avenue in the City of Schenectady, New York. The underlying facts are not in dispute. In 1963 the plaintiff was in default on the mortgage on her home held by one Friedman, and the mortgage was in the process of being foreclosed. The plaintiff and members of her family sought the aid of a friend, the defendant herein, in order to avoid or forestall the foreclosure. The plaintiff conveyed the premises to the defendant on March 19, 1963, and the

defendant at the same time obtained a mortgage loan from the defendant, Schenectady Savings Bank, in the amount of $3,500. The mortgage moneys so obtained were used to satisfy the Friedman mortgage. The plaintiff remained in possession of one flat of the two-family home and continued to rent the other flat. The plaintiff paid over the rent moneys received from the tenant to the defendant, who, in turn, used the rent moneys to make the mortgage payments, including taxes. The insurance premiums were paid to the defendant directly by the plaintiff. Should the flat be vacant, the plaintiff would herself make up the same payments. The plaintiff had the responsibility of renting the flat and for maintaining the premises. Except for obtaining the mortgage from the Schenectady Savings Bank and obligating himself for the repayment of $3,500, the defendant did not pay any additional moneys or consideration for the property at the time of the transfer. At the time of the conveyance of the property to the defendant and of his obtaining the mortgage, the property was worth approximately twice the amount of the mortgage. In this action in equity, judgment was granted in favor of the plaintiff. The trial court directed that, upon payment of the mortgage balance tendered by the plaintiff, the defendant must execute a deed reconveying his interest in the property to the plaintiff. On this appeal defendant argues that the trial court was in error in excluding from the evidence records of the Department of Social Services, and that it was also error to admit testimony of plaintiff's former attorney. It is also claimed that the plaintiff failed to meet her burden of proof of an oral defeasance agreement, and that the decision of the trial court is not supported by the weight of the evidence. The records of the Department of Social Services pertaining to the granting of public assistance (with which we are here concerned) are confidential and may not be made available to the public (*Matter of Turner v Barbaro,* 56 Misc 2d 53, affd 31 AD2d 786; Social Services Law, § 136, subd 2). Thus, such records were properly excluded by the trial court. Nor do we find any merit to the other contentions. As to the testimony of the plaintiff's former attorney, the record discloses that the defendant himself through the cross-examination conducted by his attorney elicited the very facts and information which he claims are objectionable. Finally, we conclude on this record that the proof is clear and conclusive to establish beyond a reasonable doubt the findings of fact as made by the trial court (*Ensign v Ensign,* 120 NY 655; *Bielawski v Bazar,* 47 AD2d 435). Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.