OPINION OF THE COURT
John P. Fay, J.
Suffolk County Department of Social Services petitions the court for a review of the foster care status of one Jennifer Lynn Wood also known as Hutnick, a female child, age two, date of birth January 25, 1976, pursuant to section 392 of the Social Services Law specifically praying for a court order directing it to institute a proceeding to legally free such child for adoption, and granting such other and further relief as to the court may seem just and proper.
During the course of the hearing which was held June 5, 1978, it was determined by the court that said child was surrendered for temporary care to the department by her *965 mother, Elizabeth Ann Hutnick, on April 21, 1976. The mother at the time was 14 years of age, date of birth June 13, 1961. The instrument she executed in connection therewith provided, inter alia, that "Said surrender and commitment shall be: for an indefinite period, and until I notify the Commissioner in writing that I revoke this instrument and request that said child be returned to me.”
Further, that on September 29, 1977 the mother, through counsel, demanded in writing the return of her child, and in answer thereto received unsatisfactory telephonic responses from the department, with no further action by the department, excepting the filing of instant petition dated October 20, 1977, and filed with the court according to its date stamp on October 28, 1977.
The court points out that the instrument of surrender in question comes within the purview of section 384-a of the Social Services Law, which under subdivision 2 requires that if the instrument fails to specify a date or identifiable event upon which such agency shall return the child, such agency shall return the child within 20 days after having received notice that the parent or guardian wishes the child returned, unless such action would be contrary to court order entered at any time prior to the expiration of such 20-day period pursuant to section 384-b or section 392 of the Social Services Law.
In the case before the bar, the instrument did not specify a date or identifiable event, and therefore the department was required to return the child within 20 days of the receipt of the demand notice made upon it in writing by the mother’s attorney. Allowing four days for the delivery of said notice to the department, and there being no court order entered prior to the expiration of said 20-day period, the department was obligated to return the child to her mother no later than October 24, 1977. The department’s petition under section 392 was not filed with the court until October 28, 1977, and no order of this court was entered during the intervening period of time prior to the expiration date of October 24, 1977.
It is the opinion of the court that inasmuch as the department failed to comply with the provision of subdivision 2 of section 384-a of the Social Services Law, it is estopped from pursuing the relief it seeks in instant petition under section 392 of the Social Services Law; hence any and all of the testimony adduced at the hearing excepting that which is made part of this decision is without merit, and this court on *966 its own motion directs that the child Jennifer Lynn Wood also known as Hutnick be returned immediately to her mother upon the service a copy of this order with notice of entry thereon.