OPINION OF THE COURT
Frank C. Bowers, Jr., J.
This proceeding was initiated by the filing of foster care *315 review petitions by both the foster parents and the Department of Social Services (DSS). At an initial appearance on these petitions the attorney for the natural mother moved that the child be returned to the natural mother and the petitions be dismissed. The gist of the natural mother’s arguments are that:
(1) the child must be returned under the terms of the voluntary surrender pursuant to section 384-a (subd 2, par [a]) of the Social Services Law; and
(2) that foster care has automatically terminated upon the failure of DSS to file a timely review of foster care pursuant to subdivision 2 of section 392 of the Social Services Law.
The parties have submitted and the court has reviewed memoranda on these issues.
To understand these issues this case must be put into a historical perspective. Initially this child was voluntarily placed in foster care by his mother on March 12, 1973. On May 8, 1975, petitions were filed by DSS and the foster parents to review foster care. The natural mother opposed the extension. After trial and psychiatric evaluations this court rendered a decision on January 31, 1977, which, among other things, directed DSS to file a petition pursuant to section 384-b of the Social Services Law to free the child for adoption. Such a petition was filed and a hearing was held. On December 28, 1977, a decision was rendered by this court declaring the child to be permanently neglected and freeing the child for adoption. There ensued an appeal by the natural mother and on May 14, 1979, the Appellate Division reversed the order of this court and dismissed the section 384-b of the Social Services Law petition (70 AD2d 617). DSS filed a timely notice of appeal which was ultimately withdrawn on April 1, 1980.
The voluntary surrender upon which this child was initially placed, although not before the court, apparently states no termination date or event. Accordingly section 384-a (subd 2, par [a]) of the Social Services Law states that where: "the instrument fails to specify a date or identifiable event upon which such agency shall return such child, such agency shall return the child within twenty days after having received notice that the parent or guardian wishes the child returned, unless such action would be contrary to court order entered at any time prior to the expiration of such twenty day period pursuant to section three hundred eighty-four-b or section *316 three hundred ninety-two of this chapter”. It has been held that where a foster care review petition was filed after the 20 days from date of the demand for return of the child, the child must be returned (Matter of Wood, 94 Misc 2d 964). This case is, however, different. The foster care review petitions were filed before a demand for return of the child. Indeed the demand was made in court as a part of the initial appearance on the review petition. It might be further argued that the placement in foster care is no longer pursuant to a voluntary placement because foster care was extended on a prior petition only over the objection of the natural mother. Likewise it is arguable that the prior order of this court is an order pursuant to section 392 of the Social Services Law as contemplated by section 384-a (subd 2, par [a]) of the Social Services Law, thus obviating the need to return the child within 20 days of demand.
The court need not resolve these arguments, however, inasmuch as the court now decides that, where demand is made during the pendency of section 392 of the Social Services Law review, the court is charged with first looking at the best interests of the child, as required by subdivision 7 of section 392 of the Social Services Law, before allowing the child to be returned.
There still remains the question of whether a foster care review is an appropriate petition inasmuch as the 18-month period contemplated in section 392 of the Social Services Law has elapsed. Subdivision 2 of section 392 of the Social Services Law specifically provides for review of foster care every 18 months. Subdivision 10 of section 392 further states that: "[t]he court shall possess continuing jurisdiction in proceedings under this section and, in the case of children who are continued in foster care, shall rehear the matter whenever it deems necessary or desirable, or upon petition by any party entitled to notice in proceedings under this section, but at least every twenty-four months.” No penalty is specified in the statute for noncompliance with the review deadlines, nor is this court aware of any penalty outlined in the case law. The statutory history of section 392 of the Social Services Law reveals that its primary intention was to assure by periodic court review that every effort was being made toward a timely reunion of the family unit, or, where appropriate, application be made to free the child for adoption. In other words, the statute seeks to keep a foster child from becoming "lost” *317 within the foster care system (Matter of Barbara P., 71 Misc 2d 965; see, also, Children of the State III, Temporary State Commission on Child Welfare, pp 8-10, March, 1980).
This child has not been lost within the foster care system. A review of the litigation on this child shows that the courts have been almost continually involved on his case for the last three years. Thus the legislative objective of the statute has not been frustrated. Nonetheless there has been technical noncompliance with statute by DSS. The statute provides little guidance on what penalty or forfeiture should result from such a failure. However chapter 610 of the Laws of 1979 enacted a new section 387 of the Social Services Law to become effective on April 1, 1981. That section provides only a fiscal penalty on county departments of social services who fail to comply with the review requirements of section 392 of the Social Services Law. While not binding, the court finds this legislative pronouncement to be particularly instructive on this issue. Indeed, it is the opinion of this court that although the 18-month period in subdivision 2 of section 392 of the Social Services Law has expired the court still has continuing jurisdiction under subdivision 10 of section 392 of the Social Services Law. This is true in light of the fact that foster care continues until such time as the child is returned in some fashion to the mother (Matter of Darnel, 77 Misc 2d 1008). Moreover the statute places a heavy burden on the court to protect the best interests of the child. To order the return of the child to the mother, as a penalty for nonfeasance by DSS, without any inquiry into the best interests of the child is a result that is not consonant with the statute. Accordingly, the clerk of the court is directed to schedule a hearing on the merits of the foster care review petition at the earliest possible date.
The court notes that its decision in this matter does not place too great a hardship upon natural parents. Natural parents are themselves given the power to bring on a foster care review proceeding under subdivision 10 of section 392 of the Social Services Law at any time. Additionally they may seek return of the child under article 6 of the Family Court Act or by writ of habeas corpus in Supreme or County Court. None of these remedies were utilized by the natural mother in this case.
This shall constitute the decision and order in this matter. You are advised that your right to appeal is strictly governed *318 by article 11 of the Family Court Act and the rules of this judicial department.