OPINION OF THE COURT
C. Raymond Radican, J.
In this discovery proceeding, the respondents, Fire Burglary Instruments, Inc., and its subsidiary, All Craft Finishing, Inc., move to dismiss the petition for lack of subject matter jurisdiction. Data Control Systems, Inc., moves for an order dismissing the petition against it on the grounds that it has no liability as a matter of law. All Craft Metals seeks an order permitting it to intervene, dismissing the petition insofar as it pertains to All Craft Metals and granting summary judgment on its proposed counterclaim. All Craft Metals seeks counsel fees pursuant to section 234 of the Real Property Law. The executors seek the consent of the Surrogate to transfer to this court an action brought against them in their fiduciary capacities, by Fire Burglary Instruments/All Craft Finishing in the Supreme Court, Nassau County.
The issues in this proceeding arose from a contract dated *256 July 2,1971 in which the decedent agreed to lease property located at 999A Stewart Avenue, Garden City, New York, to All Craft Metals, a subsidiary of Data Control, Inc. Fire Burglary Instruments/All Craft Finishing, Inc., subsequently took possession of the premises.
Thereafter a proceeding was brought in this court to evict Fire Burglary Instruments/All Craft Finishing, the executors alleging that the respondents’ right to remain on the premises terminated on June 30, 1980, the date of the expiration of the original lease with All Craft Metals. By decision dated November 5, 1980, Fire Burglary/All Craft Finishing was directed to vacate the premises.
The executors have now instituted this discovery proceeding against Fire Burglary/All Craft Finishing for damages contending that it assumed all of the liabilities of All Craft Metals. Data Control is also made a respondent and it is alleged that Data Control is liable for the damages claimed, on the grounds that it was a guarantor of the original lease pursuant to an agreement dated June 24, 1971.
Damages are sought in the amount of $200,000. The executors contend that the estate suffered losses by virtue of All Craft Finishing’s delay in relinquishing possession of 999A Stewart Avenue in that the executors were prevented from transferring title to the property pursuant to a contract of sale and were forced to secure an additional mortgage at a higher rate of interest pending vacation of the premises. The executors further allege that the respondents are responsible for physical damage to the property which caused it to be sold at a reduced price and that the estate paid certain real estate taxes on behalf of the respondents for which it is entitled to be reimbursed.
Fire Burglary/All Craft Finishing seeks to dismiss pursuant to CPLR 3211 on the grounds that this court lacks subject matter jurisdiction, alleging that what has been labeled a discovery proceeding pursuant to SCPA 2103 is merely a claim for damages by the estate for which relief cannot be granted in the Surrogate’s Court.
*257 Historically, a discovery proceeding is in the nature of a replevin action to recover possession of specific personal property belonging to the estate (Matter of Trevor, 309 NY 389). Where the obligation of a respondent has been predicated on a general claim rather than the possession of an asset of the estate, it has traditionally been held that jurisdiction is not in the Surrogate’s Court but in a court of general jurisdiction (Matter of Campbell, 145 Misc 389).
In recent years there has been a rapid expansion of the jurisdiction of the Surrogate’s Court by legislative enactment (see Temporary State Commission on Modernization, Revision and Simplification of Law of Estates, Legis Doc [1966] No. 19, Report No. 4.41A [Appendix M-l]). Section 12 of article VI of the Constitution of the State of New York provides that jurisdiction of the Surrogate’s Court extends to “all actions and proceedings relating to the affairs of decedents, probate of wills, administration of estates and actions and proceedings arising thereunder or pertaining thereto”. Article VI has been interpreted so as to include any matter relating to the affairs of a decedent (Matter of Rothko, 69 Misc 2d 752; Matter of Zalaznick, 84 Misc 2d 715).
As to discovery proceedings, recent decisions have held that the jurisdiction of the Surrogate’s Court extends to the interpretation of contracts for the sale of securities (Dunham v Dunham, 40 AD2d 912; Matter of Ryan, 63 Misc 2d 415) to determine rights to insurance proceeds (Matter of London, 90 Misc 2d 351; Matter of Swimley, 37 Misc 2d 486) and the interpretation of a publishing agreement for the payment of royalties (Matter of Young, 80 Misc 2d 937).
Whereas in all of the cases cited above it was possible to look to a fund to which the estate claimed title, Matter of Finkle (90 Misc 2d 550) represented a departure from the requirement of identification of a specific fund. In that case, the court asserted jurisdiction in a discovery proceeding where the preliminary executor claimed that a psychiatrist was liable to the estate for damages for misappropriation of patients of the decedent. The court based its decision on the fact that a determination favorable to the executors would bring assets into the estate and thus affect its administration.
*258 This court took a similar position in Matter of London (supra), where it held that jurisdiction would lie in the Surrogate’s Court where there was a possibility that additional assets might be brought into the estate.
It is the opinion of this court that where, as in the present case, the executors of an estate bring on a proceeding for damages arising out of a contract to lease real property, which later becomes an asset of the decedent’s estate, the Surrogate has jurisdiction to determine the matter in controversy as it unquestionably affects the administration of an estate.
The motion to dismiss pursuant to CPLR 3211 (subd [a], par 2) is therefore denied.
Data Control has moved to dismiss the petition on the grounds that it has no liability, as a matter of law, to the petitioners for the wrongful possession of the premises by Fire Burglary/All Craft Finishing during a period following the termination of the original lease. Data Control argues in the alternative that an agreement was entered into between Fire Burglary/All Craft Finishing and the executors for the continued occupancy of the premises and that this agreement constituted a material modification of the original agreement, which released the guarantor and created a statutory tenancy. Data Control further contends that since there was no specific allegation in the petition that physical damage to the property occurred during the term of the original lease and if in fact it occurred subsequent to the term of the original lease, that aspect of the petition should be dismissed. Although the respondent does not state the specific section under CPLR 3211 pursuant to which the motion to dismiss is brought, presumably it is paragraph 7 of subdivision (a) (failure to state a cause of action).
In its motion to dismiss, Data Control argues that no issues of fact exist and it is, therefore, entitled to judgment as a matter of law.
It is within the discretion of the court to convert a motion to dismiss to one for summary judgment provided that adequate notice is given to the parties (Rovello v Orofino *259 Realty Co., 40 NY2d 633) upon the submission by either party of evidence which could be properly considered on a motion for summary judgment. Since Data Control’s motion to dismiss is supported by the affidavit of an attorney who professes no personal knowledge of the facts, it would be disregarded upon a motion for summary judgment as would the reply affidavit submitted in response to the petitioner’s opposition papers (Di Sabato v Soffes, 9 AD2d 297; Wick v Cornrich Beverages, 27 AD2d 595). It would, therefore, be inappropriate for the court to convert the motion to dismiss to one for summary judgment in the instant case even though the respondent claims that it is entitled to judgment as a matter of law.
A motion to dismiss pursuant to CPLR 3211 (subd [a], par 7) is addressed to the legal sufficiency of a pleading (Rovello v Orofino Realty Co., supra). Such a motion should be granted only where the pleadings fail to state in some recognizable form any cause of action known to our law (Dulberg v Mock, 1 NY2d 54). The petition does set forth a cause of action against Data Control Systems, Inc., and the motion to dismiss is therefore denied with leave to move for summary judgment following service of Data Control’s answer.
All Craft’s motion to intervene in this proceeding is unopposed. The test as to whether intervention in a particular proceeding should be granted is whether the proposed intervenor has a real and substantial interest in the outcome of the proceeding (Plantech Housing v Conlan, 74 AD2d 920). Since All Craft Finishing claims all of the rights of All Craft Metals in matters connected with the lease, this would include the possible right to the security deposit, and All Craft Metals should be permitted to protect its interest. The motion is therefore granted. All Craft Metals’ motion for summary judgment or its counterclaim for the security deposit plus interest is denied without prejudice to a renewed motion following service of the proposed answer, counterclaim and cross claim and joinder of issue on the counterclaim and cross claim. All Craft Metals’ motion to dismiss is denied without prejudice pending service of the proposed answer and any responsive pleadings by the petitioners.
*260 The executors’ application for consent to transfer the action in the Supreme Court, Nassau County, to be joined with this proceeding is granted (Matter of Suchoff, 55 Misc 2d 284).