OPINION OF THE COURT
Bruce M. Kaplan, J.
Does a failure to file a petition to review a foster care placement made pursuant to Social Services Law § 358-a or § 392 during the period of placement cause that placement to lapse?
The answer to this question will determine whether or not thousands of children who were voluntarily placed in foster care remain merely in de facto as opposed to de jure foster care with the New York City (NYC) Department of Social Services.
This is of growing concern for more than 23,000 children from NYC are in foster care as a result of voluntary placements. These numbers are not likely to decline. In ever-increasing numbers more and more petitions are brought for *339 the voluntary placement of children over the age of 16, many of them have children of their own. While the general policy considerations directed at preventing a childhood lost in the limbo of foster care are not wholly relevant to them, the time frames particularized in Social Services Law §§ 358-a and 392 remain applicable.
A FOSTER CARE PLACEMENT DOES NOT EXPIRE EVEN IF A REVIEW PETITION IS NOT TIMELY FILED
After review of the relevant statutory provision and decisional law the court concludes that foster care placements do not lapse even if petitions to review foster care status are not filed within the time frames specified in the order continuing foster care or those contained in Social Services Law § 392 (9).
Neither decisional law nor statutory law imposes sanctions for the failure to file timely a foster care review petition.
Social Services Law § 392 requires an initial review after 18 months. Annual reviews thereafter are a function of public policy to keep "a foster child from becoming lost’ within the foster care system.” (Matter of Wayne T. D., 104 Misc 2d 314, 316-317; Matter of George O., 115 Misc 2d 782.) In order to effectuate the mandate that to provide permancy to children who have become wards of the State and that they not be enmeshed in the limbo of foster care, the Family Court is accorded continuing jurisdiction. Once a child has been voluntarily placed with an authorized child care agency, he or she is under foster care, until final disposition is rendered. (Social Services Law § 392 [9]; Matter of Sheila G., 61 NY2d 368; Matter of Rose Darnel, 77 Misc 2d 1008.)
Even though Social Services Law § 392 requires periodic review of the child’s foster care status, to ensure proper tracking of each child, no provisions for sanctions against child care agencies are provided when there has been a failure to do so. (Matter of Wayne T. D., supra.) This is to ensure that the child shall not suffer because of agency failure. (Matter of Steven A., Fam Ct, NY County, Nov. 29, 1990, Gallet, J., docket No. K-2821-2/85.)
In marked contrast the failure to file a petition to extend a placement made in a child protective proceeding prior to its expiration date causes the placement to lapse. (Matter of Susan F., 59 AD2d 783 [2d Dept 1977]; Matter of T. G, 128 Misc 2d 156 [Fam Ct, NY County 1985].)
While child protective placements and voluntary placements both involve removal of children from their homes, there are *340 cogent reasons for the disparate requirements applicable to each of them.
Family Court Act § 1055 mandates that in child protective proceedings petitions to review placement must be filed on a yearly basis. This mandate flows from the fact that the State has, against the parent’s will, albeit in the child’s best interests, placed the child away from the parent’s care and custody.
It is the involuntary nonconsensual nature of this placement that necessitates that a placement must lapse if an extension petition is not timely filed.
On the other hand, a parent who has voluntarily placed a child for an indeterminate period of time is far less likely to feel aggrieved if denied a timely opportunity to have a placement reviewed.
The "laissez-faire” elements of voluntary placements are decidedly absent in juvenile delinquency proceedings. A petition must be dismissed for failure to comply with a respondent’s right to a speedy trial guaranteed by Family Court Act § 310.2 within the time frame required by Family Court Act § 340.1. (Matter of Frank C., 70 NY2d 408; Matter of Randy K., 77 NY2d 398.)
With respect to extensions of placement on delinquency petitions, the Family Court Act specifically interdicts the filing of an extension petition by the Division for Youth (DFY) once the period of placement has lapsed. (Family Ct Act § 355.3.) It mandates dismissal where there is a failure to establish good cause to file an extension petition less than 60 days prior to the expiration of the term (Family Ct Act § 355.3 [2]). This is true even where DFY miscalculates the amount of detention credits. (Matter of Wayne S., 193 AD2d 371 [1st Dept 1993].)
Where there is no statutory authority for dismissal the Family Court lacks inherent power to dismiss a juvenile delinquency proceeding.
This principle was vindicated in two recent cases. In Matter of Jose R. (83 NY2d 388), the Court of Appeals affirmed the denial of a motion to dismiss a juvenile delinquency petition for failure to hold a dispositional hearing within the time frame promulgated by Family Court Act § 350.1.
In Matter of Robert O. (87 NY2d 9), the Court of Appeals affirmed the denial of a motion to dismiss a juvenile delinquency for failure to hold an initial appearance within 10 days of the filing of the petition as required by Family Court Act § 320.2.
*341 In each case the Court noted that neither section provided an express ground for dismissal for a violation of the applicable time limits.
There is no difference in treatment of a lapsed foster care proceeding whether a definitive expiration date was set or was not set. Accordingly, foster care status continues.